[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20 2000
THOMAS K. KAHN
CLERK

————————————

No. 99-12705

————————————

D. C. Docket No. 98-00259-CV-4

MICHAEL POORE, BRUCE BIAS,
Individually and on behalf of all others similarly situated,

Plaintiffs-Appellees,

versus

AMERICAN-AMICABLE LIFE INSURANCE
COMPANY OF TEXAS,

Defendant-Appellant.

————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————

**(July 20, 2000)**

Before ANDERSON, Chief Judge, BLACK and HALL[*], Circuit Judges.

BLACK, Circuit Judge:

---

[*] Honorable Cynthia Holcomb Hall, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

Appellant American-Amicable Life Insurance Company of Texas appeals the district court's order remanding the case filed by Appellees Michael Poore and Bruce Bias to state court pursuant to 28 U.S.C. § 1447(c). Appellant claims the district court did not have the authority to remand the case based on Appellees' post-removal amended complaint. We agree. Accordingly, we reverse the district court's order and remand with instructions.

## I. BACKGROUND

Appellees filed a class action complaint on October 19, 1998, in the Superior Court of Liberty County, Georgia. On behalf of a nationwide class of persons who purchased life insurance policies from Appellant, Appellees sought compensatory and punitive damages, recission, restitution, and injunctive relief against Appellant for alleged fraudulent life insurance policies. Appellees asserted that the relief sought would amount to less than $75,000 per class member.

On November 12, 1998, Appellant filed a Notice of Removal to the United States District Court for the Southern District of Georgia alleging diversity jurisdiction, pursuant to 28 U.S.C. § 1332, as the basis for removal. Appellant claimed the amount in controversy requirement was met by aggregating the punitive damages sought in the complaint.

2

On November 25, 1998, Appellees filed a motion for leave to amend their complaint. The amended complaint deleted the claims for punitive damages and injunctive relief, and redefined the class to exclude any individual plaintiffs "who wish to assert punitive damages claims . . . [or] claims where the matter in controversy exceeds . . . $75,000 . . . ." The district court granted the motion to amend on December 7, 1998.

Subsequently, on December 15, 1998, Appellees filed a Motion to Remand, claiming the district court lacked subject matter jurisdiction. On July 21, 1999, pursuant to 28 U.S.C. § 1447(c), the district court remanded the case to the state court, finding that the amended complaint did not satisfy the amount in controversy requirement.

On appeal, Appellant claims the district court erred in relying on the amended complaint to determine whether the court had subject matter jurisdiction. We find the district court did so err, and therefore reverse and remand for the district court to determine whether the amount in controversy was met at the time of removal.

## II. ANALYSIS

We review de novo a district court's decision to remand based on 28 U.S.C. § 1447(c). *See United States v. Veal*, 153 F.3d 1233, 1245 (11th Cir. 1998). A district

3

court's order pursuant to § 1447(c) is only reviewable if the case is remanded on "grounds wholly different from those upon which § 1447(c) permits remand." *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346, 96 S. Ct. 584, 589 (1976); *see* 28 U.S.C. 1447(d). In this case, the reviewability and merits of the order are inextricably intertwined. As discussed below, we conclude the district court's order is reviewable and that the district court erred in granting the order. For ease of discussion, we first will discuss the district court's error.

A. District Court's Authority to Remand

Pursuant to 28 U.S.C. § 1447(c), a district court may remand cases when the court lacks subject matter jurisdiction. As originally enacted, § 1447(c) stated "[i]f at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case . . . ." In analyzing this version of § 1447(c), courts made clear that removal was the critical jurisdictional juncture. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 293, 58 S. Ct. 586, 592 (1938) (stating "events occurring subsequent to removal which reduce the amount recoverable . . . do not oust the district court's jurisdiction"). That is, under the original version of § 1447(c), the proper inquiry was whether the court had jurisdiction at the time of removal. If the court did have jurisdiction at the time of removal, that jurisdiction was unaffected by subsequent acts, such as loss of diversity

4

or loss of the required amount in controversy. *See Freeport-McMoRan, Inc v. KN Energy, Inc.*, 498 U.S. 426, 428, 111 S. Ct. 858, 860 (1991) (noting the Supreme Court has "consistently held that if jurisdiction exists at the time an action is commenced, such jurisdiction may not be divested by subsequent events"); *St. Paul Mercury Indemnity*, 303 U.S. at 293, 58 S. Ct. at 592; *Doddy v. Oxy USA, Inc.*, 101 F.3d 448, 456 n.4 (5th Cir. 1996) (explaining that a district court's jurisdiction is fixed at the time of removal); *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450 (6th Cir. 1993) (same).

Section 1447(c), however, was amended in 1988 to read as follows: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The district court concluded § 1447(c), as amended, authorized it to look at post-removal events to determine whether it had subject matter jurisdiction. On appeal, Appellant argues the district court's interpretation of § 1447(c) was incorrect and contends the amended statute still prohibits courts from relying on post-removal events in examining subject matter jurisdiction. We agree.

While the district court concluded the amended § 1447(c) suggests that the time of removal is no longer the focus of the inquiry, "courts have not construed it in this revolutionary way." *Baldridge v. Kentucky-Ohio Trans., Inc.*, 983 F.2d 1341, 1348

n.11 (6th Cir. 1993). Rather, every Circuit that has addressed this issue has held that the proper inquiry is still whether the court had jurisdiction at the time of removal.[1] For example, the Sixth Circuit has held that "the timing question is dispositive because, despite the change in the wording of § 1447(c) . . . courts still read that section as authorizing remand when a district court determines that jurisdiction had been lacking at the time of removal, rather than later . . . ." *Baldridge*, 983 F.3d at 1348. *See Matter of Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992) (stating that "[n]either the text of the revised § 1447(c) nor its legislative history implies that Congress altered the traditional view. . . that jurisdiction present at the time a suit is filed or removed is unaffected by subsequent acts"); *Hudson United Bank v. LiTenda Mortgage Corp.*, 142 F.3d 157 n.8 (3d Cir. 1998) (commenting "we will assume Congress did not mean to upset [the focus on jurisdiction at the time of removal] and that they remain in effect unchanged by the intervening textual modifications to § 1447(c)"); *Doddy*, 101 F.3d at 456 n.4 (5th Cir. 1996) (explaining that "§ 1447(c) cannot be read to overrule the repeatedly expressed view that changes after removal cannot eliminate jurisdiction and require remand"); *see also Wisconsin Dep't of Corrections v. Schacht*, 524 U.S. 381, 391, 118 S. Ct. 2047, 2053 (1998) (in

---

[1] In discussing a different issue, we have noted the amendments to § 1447(c) were "legally insignificant" and were not intended to change the meaning of the original section. *See Snapper v. Redan*, 171 F.3d 1249, 1256-57 n.14 (11th Cir. 1999).

6

discussing a different issue, noting that "[a] case such as this one is more closely analogous to cases in which a *later* event, say the change in the citizenship of a party or a subsequent reduction of the amount at issue below jurisdictional levels, destroys previously existing jurisdiction. In such cases, a federal court will *keep* a removed case."); *Freeport-McMoran*, 498 U.S. at 428, 111 S. Ct. at 860 (in dicta, commenting that jurisdiction is fixed at the time of removal).

Finally, as noted by several other Circuits, the legislative history of § 1447(c) does not indicate that Congress intended the amendment to cause a drastic change in the law. *See* H.R. Rep. No. 104-799 at 2-3 (1996) (indicating that § 1447(c), as amended, was intended only to clarify Congressional intent with respect to the timeliness of remands made for reasons other than lack of subject matter jurisdiction); *Hudson United Bank*, 142 F.3d at 156 n.8 (noting "Congress did not mean to upset" the established interpretation of § 1447(c)).

We join our sister Circuits and conclude the amendments to § 1447(c) did not alter the fact that, in this case, the district court must determine whether it had subject matter jurisdiction at the time of removal.[2] That is, events occurring after removal

---

[2] We note that other post-removal events, however, may divest the district court of jurisdiction. *See, e.g.*, *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 646 (5th Cir. 1978) (holding that a district court must remand if indispensable parties have not been joined). This case is binding on this Court pursuant to *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), in which this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30,

7

which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction. In this case, Appellees amended their complaint after the case was removed to the district court. The district court thus erred in relying on the amended complaint to conclude the parties did not meet the amount in controversy requirement.

B.  Reviewability of District Court's Remand Order

Under 28 U.S.C. § 1447(d), an order remanding an action to state court pursuant to § 1447(c) is not reviewable on appeal or otherwise, even if the remand order is clearly erroneous.[3] *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 342-43, 96 S. Ct. 584, 589 (1976). The Supreme Court, however, has explained that § 1447(d)'s bar to appellate review is not as broad as it seems. *See id.* at 345-46, 96 S. Ct. at 590; *Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 708 (7th Cir. 1992) (noting §1447(d) "does not mean what it says"). In *Thermtron*, the district court had remanded a diversity suit due to the crowded federal docket. Relying on the § 1447(d) bar, the Sixth Circuit refused to consider the defendant's mandamus petition. The Supreme Court reversed, holding that §1447(d) precludes review only

1981.

[3] 28 U.S.C. § 1447(d) reads as follows: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

of those remand orders issued pursuant to §1447(c). *See id.* at 346, 96 S. Ct. at 590 (stating "only remand orders issued under section 1447(c) and invoking the grounds specified therein—that removal was improvident and without jurisdiction—are immune from review under section 1447(d)"). Because the district court had not remanded on the basis of § 1447(c), but rather on "grounds wholly different from those upon which Section 1447(c) permits remand," the district court had exceeded its authority and the remand order was thus reviewable. *Id.* at 344, 96 S. Ct. at 589.

In this case, the district court determined it lacked diversity jurisdiction because the amount in controversy did not meet the jurisdictional minimum set forth in 28 U.S.C. § 1332. This determination would seem to fall directly under Section 1447(c), and Section 1447(d) would prevent review. However, as discussed above, the district court exceeded its authority under § 1447(c) by relying upon a post-removal amendment to the complaint to determine the amount in controversy. Because the district court acted beyond the scope of its § 1447(c) authority, § 1447(d) does not act as a bar to appellate review. *See In re: Bethesda Mem' Hosp., Inc.*, 123 F.3d 1407, 1410 (11th Cir. 1997) (noting "because the district court exceeded the grounds for remand contained in § 1447(c), § 1447(d) poses no bar to our review"); *Trans Penn Wax Corp. v. McCandless*, 50 F.3d 217, 223 (3d Cir. 1995) (holding "a remand only falls under § 1447(c) if the removal itself was jurisdictionally improper,

9

not if the defect arose after removal . . . . Remand decisions based on grounds other than . . . that jurisdiction was improper at the time of removal . . . are therefore reviewable . . . as they do not implicate § 1447(c)."); *Baldridge v. Kentucky-Ohio Trans., Inc.*, 983 F.2d 1341, 1348 (6th Cir. 1992) (explaining if a district court "had thought that the removal had been jurisdictionally proper but that jurisdiction had 'vanished' when [a party] dropped out, the remand—even though based on a finding of lack of jurisdiction—would be reviewable, as § 1447(c) envisions remands only for defective removal"); *Amoco Petroleum,* 964 F.2d at 708 (permitting appellate "review when the district judge believes that removal was proper and that later developments authorize remand"); *but see Linton v. Airbus Industrie*, 30 F.3d 592, 599 (5th Cir. 1994) (concluding "that jurisdictional remands premised on post-removal events are not reviewable"). Upon our review of the record, as discussed above, we conclude the district court committed reversible error by remanding based on Appellees' post-removal amended complaint.

## III.  CONCLUSION

The district court erred in remanding the case to the state court based on the amount recoverable alleged in Appellees' amended complaint. Because the district court exceeded its authority pursuant to § 1447(c), § 1447(d) does not act as a bar to

10

our review.  Accordingly, we reverse and remand to the district court to determine whether it had subject matter jurisdiction at the time of removal.

REVERSED AND REMANDED.