**LAKE COUNTY, a political subdivision of the State of Florida, Plaintiff,**

v.

**NRG/RECOVERY GROUP, INC., Defendant.**

**No. 5:00–CV–369–Oc–10–GRJ.**

United States District Court,
M.D. Florida,
Ocala Division.

May 16, 2001.

Gordon H. Harris, Gray, Harris & Robinson, P.A., Melbourne, FL, for Plaintiff.

David Smith, Nancy Winkelman, James M. Holston, Wendy Beetlestone, Schnader, Harrison, Segal & Lewis, Philadelphia, PA, John Edwin Fisher, Jonathan C. Hollingshead, Fisher, Rushmer, Werrenrath, Dickson, Talley & Dunlap, P.A., Orlando, FL, for Defendant.

### ORDER

HODGES, District Judge.

The United States Magistrate Judge has issued a report (Doc. 62) recommending that the Plaintiff's Motion to Remand Amended Complaint (Doc. 36) be Granted. The Defendant has filed objections to the report and recommendation of the Magistrate Judge and argues that the Court should not exercise its discretion to remand the action.

Upon an independent examination of the file and upon due consideration, the Defendant's objections (Doc. 67) are OVERRULED, the report and recommendation of the Magistrate Judge (Doc. 62) is adopted, confirmed and made a part hereof, and the Plaintiff's Motion to Remand Amended Complaint (Doc. 36) is GRANTED. This action is hereby REMANDED to the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida, and the Clerk is directed to take all steps necessary to effectuate the remand forthwith. The Clerk is further directed to terminate any pending motions and close the file.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION [1]

JONES, United States Magistrate Judge.

Pending before the Court is Lake County's ("Plaintiff") Motion to Remand Amended Complaint (Doc. 36) and Plaintiff's Memorandum in Support of Plaintiff's Motion to Remand. (Doc. 37.) Defendant has filed its response (Doc. 48), and the motion is now ripe for disposition. For the reasons discussed below, Plaintiff's Motion to Remand Amended Complaint (Doc. 36) is due to be granted.

### I. PROCEDURAL BACKGROUND

On October 10, 2000, Lake County commenced this action in the Circuit Court for the Fifth Judicial Circuit in Lake County, Florida seeking a declaratory judgment that an incinerator service agreement between Lake County and NRG/Recovery Group, Inc. ("NRG") was "illegal, unconstitutional, against public policy and void *ab initio.*" (Compl., Doc. 2, at 1.) The Complaint also requested that this Court "declare that the Service Agreement violates the dormant Commerce Clause of the

---

1. Specific written objections may be filed in accordance with 28 U.S.C. § 636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

United States Constitution." *Id.* ¶ 21(e). Because the Complaint asserted a federal question, NRG on November 7, 2000 removed the case to this Court pursuant to 28 U.S.C. § 1441(b). (Doc. 1.) Plaintiff moved to remand the case to state court arguing that the "determination of Lake County's rights and obligations under the Service Agreement does not give rise to federal question jurisdiction." (Doc. 14, at 2.) NRG opposed Lake County's motion to remand arguing that a federal question was present because of Lake County's request to declare the Service Agreement void under the Dormant Commerce Clause of the United States Constitution. The Court agreed and issued its Report And Recommendation on January 22, 2001 recommending that Lake County's Motion To Remand be denied. (Doc. 32.)

Shortly thereafter Lake County filed an amended complaint which deleted the reference to the Dormant Commerce Clause in its declaratory judgment claim and added an additional count purporting to allege a breach of contract under Florida law. In conjunction with the Amended Complaint Lake County filed a second motion to remand arguing that because of the deletion of any reference to the Dormant Commerce Clause state law issues only remain, thus, mandating that the action now be remanded to state court. (Doc. 36.) NRG opposes remand arguing that the original complaint controls and that removal cannot be defeated by post-removal amendments. (Doc. 48.) Moreover, NRG argues that even if the Court was to rely on the Amended Complaint that a federal question, nonetheless, is still present and "permeates the case."

## II. *DISCUSSION*

The Court must determine first whether the Amended Complaint supercedes the original complaint for removal purposes and then, if so, whether the Amended Complaint raises a federal question despite the fact that Lake County has eliminated any reference to the Dormant Commerce Clause.

Determination of this issue requires the Court to square Supreme Court and Eleventh Circuit precedent, establishing that the propriety of removal is determined on the basis of the original complaint filed in state court and not on post removal amendments[2] with Supreme Court precedent that permits remand where the federal claim from the original complaint has been eliminated in an amended complaint.[3]

In *Carnegie–Mellon Univ. v. Cohill,* 484 U.S. 343, 345, 108 S.Ct. 614, 616, 98 L.Ed.2d 720 (1988) the United States Supreme Court resolved "whether a district court has discretion to remand a removed case to state court when all the federal-law claims have dropped out of the action and only the pendent state-law claims remain." In *Cohill,* the plaintiffs filed suit in state court alleging a violation of federal and state employment discrimination laws as well as state-law tort claims. *Id.* Defendants removed the suit to federal court arguing that the complaint stated a claim under the Age Discrimination in Employment Act. *Id.* at 346, 108 S.Ct. at 617. Six

---

**2.** See, St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293, 58 S.Ct. 586, 82 L.Ed. 845 (1938)("events occurring subsequent to removal which reduce the amount recoverable... do not oust the district court's jurisdiction once it has attached."); Poore v. American–Amicable Life Insurance Co. of Texas, 218 F.3d 1287, 1290 (11th Cir.2000)("the

district court must determine whether it had subject matter jurisdiction at the time of removal.")

**3.** Carnegie–Mellon University v. Cohill, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

months later, Plaintiffs moved to amend their complaint to delete the federal law claims and filed a motion to remand. *Id.* The district court allowed the amendment and granted the motion to remand. *Id.*

The Supreme Court held that a district court had discretion to remand supplemental state law claims after the plaintiff dropped the federal claims on which removal was originally based. *Id.* at 357, 108 S.Ct. at 622. The Court emphasized that a federal court must weigh the considerations of "economy, convenience, fairness, and comity" when determining whether to remand the amended complaint. *Id.* at 350, 108 S.Ct. at 619.

In contrast, the Eleventh Circuit in *Poore,* 218 F.3d 1287 reaffirmed the principle established by the Supreme Court in *St. Paul Mercury Indem., Co.,* 303 U.S. at 293, 58 S.Ct. 586 that the time of removal is the critical jurisdictional juncture. This principle is not at odds with *Carnegie–Mellon.* In *Poore* the Eleventh Circuit was called upon to review the propriety of a remand in a class action diversity case based on an amended complaint that eliminated claims exceeding $75,000. Shortly after removal the Plaintiff sought leave to amend the complaint to delete the claims for punitive damages and to redefine the class to exclude any plaintiffs whose claims exceeded $75,000. The Eleventh Circuit, in noting that the district court must determine whether it had subject matter jurisdiction at the time of removal, appropriately held that the "[e]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." 218 F.3d at 1291. The Court, however, did acknowledge that "other post-removal events may divest the district court of jurisdiction." *Id.* at 1291 n. 2.

Thus, *Poore* simply reaffirms the rule that a district court must view the events which exist at the time of removal—rather than subsequent events—when determining whether the Court initially has removal jurisdiction. This rule is not at odds with the rule in *Carnegie–Mellon,* which provides that a Court *has discretion* to remand supplemental state law claims after the federal claims have been dropped and after the initial determination has been made that removal jurisdiction is appropriate. Once the federal claims have been eliminated the only question for the Court is whether it should continue to accept or should decline to exercise jurisdiction over the pendent state claims. This analysis of the Court's jurisdiction is different from the analysis of whether the Court in the first place has removal jurisdiction. In the latter instance *Poore* instructs that post removal events should be ignored. *Poore* does not instruct, however, that a Court does not subsequently have discretion to reexamine whether it will retain jurisdiction over a case that only involves state law claims. That determination is based on considerations of "economy, convenience, fairness and comity" as instructed by the Supreme Court in *Carnegie–Mellon.*

A broad reading of *Poore,* as suggested by NRG, would result in a rule which would prohibit a district court in a removal case, from ever reviewing its jurisdiction where only state law claims remain. Taking the rule to its logical extreme, a party could adjudicate purely state law claims in federal court by the simple expedient of including one federal law count in the complaint and then simply by dropping the claim eliminate the chance that the Court could remand the purely state law claims to state court.

In sum, the Court concludes that a determination at this juncture of whether to

remand purely state law claims, after removal jurisdiction has already been determined to be appropriate [4], is not at odds with *Poore* and is a determination specifically authorized by *Carnegie–Mellon.* Accordingly, the Court rejects NRG's argument that the Court cannot visit the issue of its own subject matter jurisdiction by reference to the Amended Complaint.

Turning now to the issue of whether remand is appropriate the Court must determine whether purely state law claims remain and if so weigh the *Carnegie–Mellon* factors to determine whether remand is judicious at this stage of the proceedings.

The issue of whether federal claims "permeate the case," as suggested by NRG, or whether all federal claims have been eliminated, as argued by Lake County, can be resolved quickly by reference to the allegations of the Amended Complaint.

■ Count I of the Amended Complaint purports to allege a claim for declaratory relief under Chapter 86, Florida Statutes as to whether the Service Agreement improperly delegates Plaintiff's inherent governmental powers. This is an issue that will be determined exclusively under Florida law. There is no mention in the Amended Complaint that the Service Agreement violates the Dormant Commerce Clause of the United States Constitution nor any suggestion that the Service Agreement violates any other provision of federal law.

Count II—which was not included in the original complaint filed in state court—is for breach of contract, an issue to be resolved under state law. Accordingly, as things now stand there does not appear to be any issue implicating federal law or United States constitutional law. In order for a federal question to be present the federal issue "must be an element, and an essential one of the plaintiff's cause of action." *Gully v. First Nat'l Bank in Meridian,* 299 U.S. 109, 112, 57 S.Ct. 96, 97 81 L.Ed. 70 (1936) As the case now stands Lake County's causes of action do not involve as an essential element of the claims a federal issue. Accordingly, the Court concludes that no federal question is present.

Even though the Court concludes that only state law claims remain in the case the Court must weigh and consider "economy, convenience, fairness, and comity" in determining whether the Court should exercise its discretion and remand the case to state court. *Carnegie–Mellon,* 108 S.Ct. at 619.

■ Economy and convenience weigh in favor of remand because this case is in its very early stages. This fact was considered by the *Carnegie–Mellon* court to be significant. As the court instructed: "[w]hen the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction." 484 U.S. at 351, 108 S.Ct. at 619. Furthermore, NRG has not even answered the Amended Complaint due to the pendency of a motion to dismiss. Because of the status of the pleadings it is reasonable to assume that discovery is in the early stages as well.

4. The Court recognizes that Lake County has filed an objection to the Court's Report And Recommendation (*See,* Docs. 38 & 39) and as such until the District Judge makes a *de novo* review of the original motion to remand the issue is not finalized. However, assuming the District Judge adopts the Report and Recommendation the issue of whether removal was appropriate has been resolved and was resolved based solely on the complaint filed in state court. That analysis is consistent with *Poore* in view of the fact that the Court solely relied upon the allegations in the complaint and not on post removal events.

The Court has not yet expended a significant amount of judicial labor and time in this case and thus remand at this stage of the proceedings would not require a state court to duplicate the efforts of this court.

Principles of comity also weigh in favor of remanding this case to state court. The court will be called upon to interpret issues of state contract law, issues of Florida constitutional law and issues of local government law, all of which are best suited for determination by a state court.

Lastly, principles of fairness will not be offended if the case is remanded to state court. The only mention of unfairness is NRG's suggestion that "remand obviously would place the highly political issues involved in this case before an elected Lake County state court judge and a jury that would consist of Lake County taxpayers." (Doc. 48, at 4 n. 3.) The Court finds this suggestion of unfairness unavailing. The jury pool that would be summoned for a trial in this Court, if the case was not remanded, would also consist of taxpayers from Lake County in view of the fact that one of the counties that this Court draws jurors from is Lake County. Further, simply because the state court judge, who may be assigned to this case, is an elected official is not a reason to conclude that bias would be present. State court judges routinely handle cases raising controversial community issues. Moreover, in the unlikely event any local bias is suspected a change of venue is always an available option.

Fairness in the context discussed by *Carnegie–Mellon* is addressed more to the issue of forum shopping. The *Carnegie–Mellon* court specifically recognized that a plaintiff's use of manipulative tactics to secure a state forum in which to try the case is a factor a district court can consider when deciding whether to remand a case. 484 U.S. at 357, 108 S.Ct. at 622–23. This concern by the *Carnegie–Mellon* Court involved situations where federal claims had been eliminated late in a case in order to secure another judge (i.e. a state court judge) to try a case after the federal court has expended significant resources. That is not the case here because of the early posture of this case. Moreover, a remand to state court would merely effectuate Lake County's original choice of a state forum and, therefore, the traditional aversion of federal courts to forum shopping is not substantially implicated.

Accordingly, having carefully considered and weighed the economy, convenience, fairness and comity of a remand the Court concludes that it is appropriate to exercise its discretion and remand this action to the Circuit Court for the Fifth Judicial Circuit in and For Lake County, Florida.

## III. CONCLUSION

In view of the foregoing, it is respectfully **RECOMMENDED** that Lake County's Motion to Remand Amended Complaint (Doc. 36) be **GRANTED** and that this action be **REMANDED** to the Circuit Court for the Fifth Judicial Circuit in and for Lake County, Florida.

April 23, 2001.