AMERICAN DENTAL INDUSTRIES, INC., an Oregon corporation, Plaintiff,

v.

EAX WORLDWIDE, INC., a California corporation, Defendant.

No. CIV.01–1517–BR.

United States District Court, D. Oregon.

Jan. 29, 2002.

Roy B. Thompson, Lake Oswego, OR, for Plaintiff.

John H. Chambers, Dunn, Carney, Allen, Higgins & Tongue, Portland, OR, for Defendants.

## OPINION AND ORDER

BROWN, District Judge.

This matter comes before the Court on Plaintiff's Motion for Remand of Action to State Court (# 9).

Plaintiff American Dental Industries, Inc., brings claims for breach of contract, unlawful trade practices, and fraud against Defendant EAX Worldwide, Inc.

For the reasons that follow, the Court **DENIES** Plaintiff's Motion.

## BACKGROUND

Plaintiff is an Oregon corporation. Defendant, a California corporation, is a freight forwarder and acts as a broker by contracting with shipping companies to ship equipment and supplies. Defendant was the official shipper for the American Dental Association (ADA) convention and trade show to be held in Hawaii in October 1999. In July 1999, Plaintiff contacted Defendant to inquire about shipping a Winnebago mobile dental van to Hawaii for the trade show.

On July 19, 1999, Defendant gave Plaintiff a written quote of $3,045 to ship the van from Los Angeles to Hawaii. Plaintiff would be responsible for transporting the van from Oregon to Los Angeles. Defendant confirmed the quote in writing on August 17, 1999. Plaintiff also confirmed the quoted price by fax to Defendant on August 18, 1999. In spite of these written price quotes, Defendant ultimately charged Plaintiff's American Express credit card in the amount of $14,154.

## ANALYSIS

### I. Standards

■ An action filed in state court may be removed to federal court if the federal court would have had original subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). District courts are authorized to exercise original jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs and the parties are citizens of different states. 28 U.S.C. § 1332(a). A motion to remand is the proper procedure for challenging removal. *See Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.,* 69 F.3d 1034, 1038 (1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir.1992) (citations omitted). The presumption against removal jurisdiction means "the defendant

always has the burden of establishing that removal is proper." *Id.* (citations omitted).

## II. Remand to State Court Is Not Appropriate

In its original Complaint filed in state court, Plaintiff alleged economic damages of $11,109, special damages of $100,000, and punitive damages of $1,000,000, plus attorneys' fees and costs. After Defendant removed the case to federal court, Plaintiff filed an Amended Complaint and alleged economic damages of $11,109 and special damages of $60,000. Plaintiff did not allege any punitive damages nor did it assert any claim for attorneys fees' and costs. Plaintiff now seeks to remand this matter to state court because the amount in controversy set forth in the Amended Complaint does not meet the $75,000 jurisdictional threshold.

■ It has long been the rule that jurisdiction in a diversity case is determined at the time of removal. *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Plaintiff, nonetheless, contends the Court does not have subject matter jurisdiction in light of the changes in Plaintiff's Amended Complaint, and, therefore, remand is required. Plaintiff argues a 1988 amendment to 28 U.S.C. § 1447(c) renders invalid the analysis applied in *St. Paul Mercury* and the cases that followed it.

■ Before 1988, 28 U.S.C. § 1447(c) provided:

If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs.

Since the 1988 amendment, the has statute provided:

If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Plaintiff relies on *Bailey v. Wal–Mart Stores, Inc.*, 981 F.Supp. 1415 (N.D.Ala. 1997). The district court in *Bailey* held the 1988 amendment to § 1447(c) requires the court to remand a case when a plaintiff amends its complaint to reduce the damages claimed to an amount below the jurisdictional minimum. The *Bailey* court, however, is the only one to adopt a change in the analysis that courts have uniformly followed since *St. Paul Mercury.* All circuit courts that have addressed the issue after the 1988 amendment have continued to hold that jurisdiction in a diversity case is determined at the time of removal and is not affected by subsequent amendments to the pleadings. *See, e.g., Rogers v. Wal–Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir.2000); *Poore v. American–Amicable Life Ins. Co. of Texas*, 218 F.3d 1287, 1290 (11th Cir.2000); *In re Shell Oil Company*, 966 F.2d 1130, 1133 (7th Cir.1992). In other words, if the court has jurisdiction at the time of removal, it is unaffected by subsequent acts.

This Court is not persuaded that *Bailey* presents the better rule. In the absence of Ninth Circuit precedent, therefore, the Court follows the analysis of the Eleventh, Sixth, and Seventh Circuits. Accordingly, the Court holds jurisdiction attaches at the time of removal, and subsequent events cannot deprive the Court of jurisdiction. Because Plaintiff alleged damages in excess of the statutory minimum in its original Complaint, removal was and remains proper.

## CONCLUSION

For the above reasons, Plaintiff's Motion to Remand (# 9) is **DENIED.** Oral argument on Defendant's Motion to Dismiss for Lack of Personal Jurisdiction and Alternative Motion to Change Venue (# 13) will be

heard on February 27, 2002, in accordance with the Court's Order issued January 28, 2002.

IT IS SO ORDERED.