CLARK CONSTRUCTION GROUP, INC. a Maryland corporation authorized to do business in the State of Florida, Plaintiff,

v.

HELLMUTH, OBATA & KASSABAUM, INC., a Missouri corporation, Defendant.

Hellmuth, Obata & Kassabaum, Inc., a Missouri corporation, Third–Party Plaintiff,

v.

Walter P. Moore & Associates, Inc., a foreign corporation, Advanced Structures, Inc., a foreign corporation, Ferrell Engineering, Inc., a foreign corporation, and The Greater Orlando Aviation Authority, a public agency within the state of Florida, Third–Party Defendants.

No. 6:03–CV–1168–ORL–31KRS.

United States District Court, M.D. Florida, Orlando Division.

Oct. 9, 2003.

Michael A. Hornreich, Greenberg Traurig, P.A., Orlando, FL, for plaintiff.

Anthony A.B. Dogali, Forizs & Dogali, P.L., Tampa, FL, for defendant.

Bruce M. Harris, Joel E. Roberts, Gray, Harris & Robinson, P.A., Orlando, FL, for third-party defendant.

Anthony A.B. Dogali, Timothy D. Woodward, Forizs & Dogali, P.L., Tampa, FL, William Patrick Gray, III, Forizs & Dogali, P.L., Orlando, FL, for third-party plaintiff.

## ORDER

PRESNELL, District Judge.

This case is before the Court on Defendant Hellmuth, Obata & Kassabaum, Inc.'s

("HOK") Notice of Removal (Doc. 1), Plaintiff Clark Construction, Inc.'s ("Clark") Motion For Remand (Doc. 22), and HOK's Memorandum in Opposition to Plaintiff's Motion for Remand (Doc. 31).

## I. Background

The Greater Orlando Aviation Authority ("GOAA") commissioned a project at the Orlando International Airport for the construction of Airside Two, a/k/a Bid Package 266/269 (the "Project"). Clark Construction provided construction-related services on the Project, and HOK provided design-related services on the Project.

In 2001, Clark filed in the Circuit Court of the Ninth Judicial Circuit for Orange County, Florida a complaint against GOAA for damages arising from the Project. *Clark Constr. v. Greater Orlando Aviation Auth.*, Case No. CI0-01-4456 (Div 39) (the "State Court Action"). In July 2001, GOAA, in turn, filed in the State Court Action a third-party complaint against HOK for indemnification of damages that GOAA might be obligated to pay Clark ("Indemnity Claim"). (Doc. 31 at 3).

In May 2003, as part of a settlement, GOAA assigned the Indemnity Claim to Clark. Consequently, Clark was substituted for GOAA. In addition, Clark sought the state court's leave to amend the pleadings in the State Court Action. (Doc. 31, Ex. A, at ¶ 1). By Order dated June 26, 2003, the state court allowed Clark to file "an Amended Complaint and Amended Third Party Complaint containing all causes of action that Clark may assert against [HOK]." *Id.* On July 16, 2003, Clark filed a complaint in the State Court Action alleging against HOK a direct cause of action for negligence ("Negligence Claim"). (Doc. 31 at 3; Doc. 2).

On August 14, 2003, HOK filed a Notice of Removal purporting to remove the Negligence Claim to this Court. (Doc. 1). It is undisputed, however, that at some point before HOK filed its Notice of Removal, Clark filed in the state court, apart from and in addition to the Negligence Claim, an Amended Third–Party Complaint which asserts the assigned Indemnity Claim ("Amended Indemnity Claim"). (Doc. 31 at 3). HOK's express intent is to remove only the Negligence Claim to this Court and leave the Amended Indemnity Claim pending in the State Court Action. (Doc. 31 at 4; Doc. 1 at ¶ 6).

Clark has moved for remand, asserting that HOK's Notice of Removal is an unprecedented and inappropriate attempt to remove only part of the State Court Action. HOK responds that the Negligence Claim and the Amended Indemnity Claim are "wholly independent" actions, that the state court Order did not purport to divest the federal court of jurisdiction, and that the Order is relevant only in that "it provided Clark with the authority to amend one complaint and bring another." (Doc. 31 at 6). HOK also asserts that the claims could never have been litigated together in state court. HOK and Clark also disagree as to whether Clark's addition of a Florida citizen defendant after HOK filed its Notice of Removal deprives this Court of jurisdiction.

## II. Standard of Review

On a motion to remand, the removing party bears the burden of showing that the federal court has jurisdiction to decide the matter. *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998). A federal court, as a court of limited jurisdiction, must construe jurisdiction narrowly and resolve any jurisdictional doubts in favor of remand. *Id.* A federal court determines jurisdiction in regard to the time a notice of removal is filed. *Poore v. American–Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290–91 (11th Cir. 2000).

## III.   Analysis

This Court's power to rule on the merits of the instant matter depends on whether HOK complied with the statutory limits Congress has set for removal jurisdiction. Because the parties dispute whether HOK has sought to remove less than a removable whole, the Court must examine precisely what it may take for resolution on removal. In so doing, the Court finds that HOK has not properly removed a "civil action."

### A.   Removal of a "Civil Action"

Congress authorized and delineated removal jurisdiction as follows: "Except as otherwise expressly provided by Act of Congress, any *civil action* brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant. . . ." 28 U.S.C. § 1441(a) (emphasis added). In relevant part, this language begs the question of what constitutes a "civil action."

The Federal Rules of Civil Procedure and the Florida Rules of Civil Procedure both state: "There shall be one form of action to be known as 'civil action.'" FED. R.CIV.P. 2; FLA. R. CIV. P. 1.040. Neither set of rules differ markedly on how a civil action is commenced—a civil action generally commences with the filing of a complaint. FED.R.CIV.P. 3; FLA. R. CIV. P. 1.050. Both sets of rules, in relevant part, set forth the following general means to compose a civil action:

- the pleadings may include a complaint, an answer, a third-party complaint, and a third-party answer, FED.R.CIV.P. 7(a); FLA. R. CIV. P. 1.100(a);

- a pleading should set forth a short and plain statement showing the pleader is entitled to relief, FED.R.CIV.P. 8(a); FLA. R. CIV. P. 1.110(b);

- the pleading can set forth as many claims as a pleader has, FED.R.CIV.P. 8(a), (e), and 18(a); FLA. R. CIV. P. 1.110(b), (g);

- a plaintiff may join, as defendants, as many persons as have interests adverse to the plaintiff in the controversy giving rise to the complaint, FED. R.CIV.P. 20(a); FLA. R. CIV. P. 1.210(a); [1]

- a defendant may, as a third-party plaintiff, implead a person not a party to the action who is or may be liable for all or part of the plaintiff's claim against the third-party plaintiff, FED. R.CIV.P. 14(a); FLA. R. CIV. P. 1.180(a); and

- any party may amend its pleading by leave of court, FED.R.CIV.P. 15(a); FLA. R. CIV. P. 1.190(a).

In the instant matter, the State Court Action commenced in 2001 when Clark filed the initial complaint against GOAA. *See* FED.R.CIV.P. 3; FLA. R. CIV. P. 1.050. Consistent with the requirements of third-party practice, GOAA, in turn, filed the Indemnity Claim against HOK.[2] *See* FED. R.CIV.P. 14(a); FLA. R. CIV. P. 1.180(a). These filings set the State Court Action's initial structure.

Later, however, the Clark GOAA settlement eliminated GOAA as the third-party

---

**1.** Although the federal and the state rules differ in their wording, the state rule allows liberal joinder of parties. *See Shingleton v. Bussey*, 223 So.2d 713, 718 (Fla.1969), *superseded on other grounds*, FLA. STAT. ch. 627.4136.

**2.** In light of the magnitude of the damages claimed and HOK's vigorous prosecution in this matter, it is safe to assume that if GOAA failed to state a third-party claim upon which relief could be granted against HOK, HOK would have prevailed in having the Indemnity Claim dismissed.

plaintiff from the State Court Action's initial structure. With Clark's assumption of the Indemnity Claim and GOAA's departure from the State Court Proceeding, Clark took GOAA's position. Although from that point on Clark could have asserted claims in a single pleading, when Clark obtained the state court's leave to file "an Amended Complaint and Amended Third–Party Complaint . . . ," Clark literally did that. In filing the Negligence Claim separately from the Amended Indemnity Claim, Clark kept the State Court Action's initial structure. That formality, however, does not change what, in substance, is a single civil action.

The Clark GOAA settlement has not altered the basic nature of the Indemnity Claim. That Claim still derives from the initial claim Clark asserted against GOAA. *See* FED.R.CIV.P. 14(a); FLA. R. CIV. P. 1.180(a). When Clark assumed the Indemnity Claim and obtained the state court's leave to file "an Amended Claim and Amended Third–Party Claim containing all causes of action that Clark may assert against [HOK]," Clark merely added the new Negligence Claim to the extant Indemnity Claim, what is now the Amended Indemnity Claim. With the state court's leave, Clark could properly do this.[3] FLA. R. CIV. P. 1.110(b), (g), 1.190(a), and 1.210(a).

The Negligence Claim and the Amended Indemnity Claim are not, as HOK characterizes them, "wholly independent" actions. Although in GOAA's absence the Negligence Claim may seem independent, that view ignores the procedural history of the State Court Action. Without Clark's initial complaint, there would be no Amended Indemnity Claim and no civil action in which the state court could grant leave to amend the pleadings. Those events, however, occurred. Clark merely claims, in two distinct capacities, that it has incurred damages on account of HOK's participation in the Project.[4]

The existence and effect of the state court's June 26, 2003 Order counters HOK's assertions. In allowing Clark to file "an Amended Complaint and Amended Third–Party Complaint containing all causes of action that Clark may assert against [HOK]," the state court allowed Clark to amend its initial complaint and, thus, the civil action. *See* FED.R.CIV.P. 15(a); FLA. R. CIV. P. 1.190(a). HOK's assertion that this Order merely authorized Clark to bring another separate action misses the point. Clark would not need permission to bring a wholly independent action against HOK. Clark, however, did need such permission to amend the pleadings in the State Court Action. *Id.* In addition, because the state court had discretion to allow those amendments, HOK's assertion that the state court did not purport to deprive this Court of jurisdiction is inapposite.

Furthermore, the authorities HOK cites do not support HOK's assertion that the Negligence Claim and the Amended Indemnity Claim could never have been litigated together in the state court. *Alanco v. Bystrom,* 544 So.2d 217 (Fla. 3d DCA 1989), and *Condominium Owners Organization of Century Village East, Inc. v. Century Village East, Inc.,* 428 So.2d 384 (Fla. 4th DCA 1983), concern joinder of numerous plaintiffs in a single action or class action. Those cases do not, nor should they, suggest that claims asserted

---

3. The Court expresses no opinion as to whether the Negligence Claim states a claim upon which relief can be granted.

4. The better pleading practice would have been for Clark to file an amended complaint asserting two claims (counts) against HOK, one for negligence and the other for GOAA's assigned Indemnity Claim.

in a complaint and a third-party complaint cannot be litigated in a single civil action, *see* FED.R.CIV.P. 14(a); FLA. R. CIV. P. 1.180(a), or that a plaintiff cannot state alternative claims for damages, *see* FED. R.CIV.P. 8(a), (e); FLA. R. CIV. P. 1.110(b), (g).

 The Negligence Claim and the Amended Indemnity Claim are two parts of a single civil action. Because HOK's Notice of Removal purports to remove only the Negligence Claim, the Court is without subject-matter jurisdiction to rule on the merits of this matter. *See* 28 U.S.C. § 1441(a).

**B. Developments Subsequent to Removal**

Whether a federal court has jurisdiction over a removal action depends on the pleadings at the time of removal. *Poore*, 218 F.3d at 1290–91. Subsequent developments generally do not affect the court's jurisdiction. *See id.*

In the instant matter, Clark's recent amendment to the Negligence Claim to add a Florida citizen defendant could not deprive this Court of jurisdiction if it originally had it. *See id.* Moreover, Clark's recent amendment does not provide jurisdiction. Clark has not sought to sever the Negligence Claim from the Amended Indemnity Claim; Clark's recent amendment in this matter relates directly to the Negligence Claim as it stood in the State Court Action. *See* FED.R.CIV.P. 15(a). If anything, this development merely indicates that HOK likely cannot remedy its failure to remove the entire State Court Action to this Court.

**IV. Conclusion**

In light of the State Court Action's procedural history, the Court finds that HOK has attempted to remove less than a whole civil action to this Court. As Congress has authorized removal only of a "civil action,"

HOK's attempt to unilaterally sever Clark's claims and remove only part of the State Court Action must fail. The Court is without subject-matter jurisdiction. It is, therefore

**ORDERED** and **ADJUDGED** that Clark's Motion for Remand (Doc. 22) is **GRANTED.** The Clerk is directed to **RE-MAND** this case to the state court.