Richard R. SPENCER, Executor of the Estate of Lindsay C. Spencer and Carmen West, Guardian Ad Litem for Wyley Spencer a minor, Petitioner,

v.

UNITED STATES DISTRICT COURT FOR the NORTHERN DISTRICT OF CALIFORNIA, Respondent,

Altec Industries, Inc., and Does 1–30, jointly and severally, Real Party in Interest.

No. 04–72409.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Filed Dec. 14, 2004.

Michael J. Haddad, Oakland, CA, for the petitioner.

Jeffrey R. Williams, Bita A. Karabian, Morgenstein & Jubelirer LLP, San Francisco, CA, for the real party in interest.

Before: REINHARDT, THOMPSON, and BERZON, Circuit Judges.

DAVID R. THOMPSON, Senior Circuit Judge:

Petitioners seek a writ of mandamus ordering the district court to remand this action to state court. Petitioners argue the district court must remand pursuant to a bankruptcy court's order which petitioners claim requires the district court to abstain from exercising federal jurisdiction. In the alternative, petitioners contend that the joinder of a local, albeit diverse, defendant following removal from state to federal court destroyed subject-matter jurisdiction, requiring remand. *See.* 28 U.S.C. §§ 1441(b), 1447(c). Because we conclude that the district court did not clearly err in determining that the bankruptcy court's order does not require the district court to abstain from exercising federal jurisdiction, and because we find no error in the district court's determination that federal diversity jurisdiction is not destroyed by the joinder of a local, diverse defendant subsequent to removal, we deny the petition for a writ of mandamus.

## I.

Lindsay C. Spencer, an electrical lineman, died as a result of injuries he sustained while working in an aerial lift bucket to repair and upgrade a Pacific Gas & Electric Company ("PG & E") utility pole. According to the petitioners, the operating controls of the lift bucket were unintentionally activated, causing the lift mechanism and the bucket to move suddenly and forcefully into the adjacent utility pole, injuring Mr. Spencer. The aerial lift truck then catapulted Mr. Spencer into the air, throwing him against a high voltage wire, causing his death by electrocution.

Mr. Spencer's son and estate brought the present wrongful death action in the superior court in California, alleging state law product liability claims against the manufacturer of the lift bucket, Altec Industries, and several Doe defendants.

Altec timely removed the case to the United States District Court for the Northern District of California on the basis of federal diversity jurisdiction. The plaintiffs are resident citizens of Alaska, and Altec asserts it is a citizen of Alabama. There is no dispute that the parties are diverse and that the required statutory amount in controversy is satisfied.

During discovery in the district court, the Spencers learned that possible negligence by PG & E may have caused or contributed to activating the lift bucket controls. They then moved to amend their complaint to name PG & E as a defendant in the place of one of the Doe defendants. The Spencers concurrently moved to remand the action to state court, arguing that remand would be required due to the joinder of PG & E. Specifically, the Spencers contended that because PG & E is a citizen of California for purposes of diversity jurisdiction, and because 28 U.S.C. § 1441(b) prohibits removal from state to federal court when at least one defendant is a citizen of the state in which the action is filed, the joinder of PG & E would destroy federal removal jurisdiction and require remand under 28 U.S.C. § 1447(c).

At the time the Spencers sought to join PG & E as a defendant, PG & E was the Debtor in Chapter 11 bankruptcy proceedings in the Northern District of California. Accordingly, before the proposed joinder of PG & E could proceed, the Spencers

had to obtain relief from the automatic stay imposed by 11 U.S.C. § 362(a). The Spencers, and PG & E by joint stipulation, obtained that relief by order of the bankruptcy court. The bankruptcy court order modified the automatic stay to permit joinder of PG & E "as a defendant in the State Court Action."

Relying on the language of the bankruptcy court's order, the Spencers supplemented their argument for remand to state court, contending that the order permitted their action to proceed exclusively in state court and therefore required the district court to abstain from exercising federal jurisdiction.

The district court granted the Spencers' motion to join PG & E as a defendant, but denied their motion to remand the action to state court. The district court rejected the notion that the bankruptcy court's order limited federal court non-bankruptcy jurisdiction. The district court concluded that the bankruptcy court's order was limited to lifting the automatic stay and did not require abstention. The district court also rejected the Spencers' contention that the § 1441(b) "forum defendant" rule, which limits federal removal jurisdiction, required remand to state court. The district court determined that the "forum defendant" rule is procedural rather than jurisdictional, and thus the addition of a local defendant did not require remand so long as removal was proper at the time the case was removed to federal court. The district court declined to certify its order for interlocutory appeal, and the petitioners then filed this petition for a writ of mandamus.

## II.

■ "The remedy of mandamus is a drastic one, to be involved only in extraordinary situations." *Kerr v. United States Dist. Court,* 426 U.S. 394, 402, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). The writ of mandamus "has traditionally been used in the federal courts only 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.' " *Id.* (quoting *Will v. United States,* 389 U.S. 90, 95, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967)) (quoting *Roche v. Evaporated Milk Ass'n,* 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943)). Because of the exceptional and extraordinary nature of mandamus, we have developed a five-factor test for evaluating the propriety of mandamus:

(1) The party seeking the writ has no other adequate means, such as a direct appeal, to attain the relief he or she desires.

(2) The petitioner will be damaged or prejudiced in a way not correctable on appeal.

(3) The district court's order is clearly erroneous as a matter of law.

(4) The district court's order is an oft-repeated error, or manifests a persistent disregard of the federal rules.

(5) The district court's order raises new and important problems, or issues of law of first impression.

*See Bauman v. United States Dist. Court,* 557 F.2d 650, 654–55 (9th Cir.1977).

Of the foregoing five *Bauman* factors, we have stated " 'it is clear that the third factor, the existence of clear error as a matter of law, is dispositive.' " *Calderon v. United States Dist. Court,* 134 F.3d 981, 984 (9th Cir.1998) (quoting *Executive Software N. Am., Inc. v. United States Dist. Court,* 24 F.3d 1545, 1551 (9th Cir.1994)). Given the dispositive nature of the third *Bauman* factor, we consider that factor first.

## A.

■ Applying the third *Bauman* factor to the petitioners' first asserted ground for relief, we conclude the district court did not commit clear error in its determination that the bankruptcy court's order lifting the automatic stay did not purport to require the district court to abstain from exercising otherwise proper federal jurisdiction.

The bankruptcy court's order lifting the automatic stay provides, in pertinent part, that the stay is lifted for the "limited purpose of allowing [the Spencers] to add PG & E as a defendant in the State Court Action and for the parties to litigate the State Court Action to final judgment in the Superior Court of the State of California." *In re Pacific Gas & Elec.*, No. 01–30923 (Bankr.N.D.Ca. Dec. 28, 2003). As the district court noted, the terms of the order do not reflect an intention that the district court abstain from exercising its otherwise proper jurisdiction. Even assuming (without deciding) that the bankruptcy court could require such abstention, the order simply reflects the bankruptcy court's intention, pursuant to the stipulation of the parties, to lift the automatic stay to permit the litigation to proceed.

We conclude the district court did not clearly err as a matter of law in determining that the bankruptcy court's order did not limit the district court's jurisdiction. Thus, the petitioners have failed to satisfy the third *Bauman* factor with regard to the first ground on which they predicate their application for a writ of mandamus.

1. The district court considered, and ultimately rejected, the petitioners' alternative argument that the district court, although perhaps not required to remand the case, nonetheless had the discretion to do so. Because we conclude that the district court did not err in declining to remand the case, we need not decide

## B.

■ We next consider the petitioners' contention that the district court should have remanded the case to state court because, once PG & E was added as a defendant, the district court lost subject-matter jurisdiction.

A civil action brought in a state court over which federal courts have original jurisdiction may be removed by the defendant to the appropriate district court. 28 U.S.C. § 1441(a). However, § 1441(b) imposes a limitation on actions removed pursuant to diversity jurisdiction: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This "forum defendant" rule "reflects the belief that [federal] diversity jurisdiction is unnecessary because there is less reason to fear state court prejudice against the defendants if one or more of them is from the forum state." Erwin Chemerinsky, *Federal Jurisdiction* § 5.5, at 345 (4th ed.2003).

It is thus clear that the presence of a local defendant at the time removal is sought bars removal. 28 U.S.C. § 1441(b).

What is less clear is whether the joinder of a local, but completely diverse defendant, after an action has been removed to federal court, requires remand. This is the question we confront in this case. The district court concluded it was not required to remand the case to state court, and we agree.[1]

whether a district court might, under similar circumstances, have remanded the case to state court as an exercise of its discretion. *See Devore v. Transp. Tech. Corp.*, 914 F.Supp. 355 (W.D.Mo.1996); *Trask v. Kasenetz*, 818 F.Supp. 39 (E.D.N.Y.1993).

Challenges to removal jurisdiction require an inquiry into the circumstances at the time the notice of removal is filed. When removal is proper at that time, subsequent events, at least those that do not destroy original subject-matter jurisdiction, do not require remand. *See, e.g., Van Meter v. State Farm Fire & Cas. Co.,* 1 F.3d 445, 450 (6th Cir.1993) (characterizing removal jurisdiction as "necessarily tied to a temporal reference point, namely the time of removal"); *In re Shell Oil,* 966 F.2d 1130, 1133 (7th Cir.1992) (stating that nothing in the text or legislative history of § 1447(c) alters the "traditional view" that "jurisdiction present at the time a suit is filed or removed is unaffected by subsequent acts").

Because the joinder of PG & E did not affect the propriety of the district court's original subject-matter jurisdiction, we need not decide whether an event occurring subsequent to removal which would defeat original subject-matter jurisdiction divests a district court of jurisdiction and requires remand. *Compare Van Meter,* 1 F.3d at 450, *Shell Oil,* 966 F.3d at 1133, and *Poore v. Am.-Amicable Life Ins. Co. of Tex.,* 218 F.3d 1287 (11th Cir.2000) (events subsequent to removal do not divest a district court of subject-matter jurisdiction), *with Mayes v. Rapoport,* 198 F.3d 457, 461–63 (4th Cir.1999), *Cobb v. Delta Exps., Inc.,* 186 F.3d 675, 677 (5th Cir. 1999), and *Casas Office Mach., Inc. v. Mita Copystar Am., Inc.,* 42 F.3d 668, 673–75 (1st Cir.1995) (events subsequent to removal which destroy federal subject-matter jurisdiction require remand).

We conclude that the post-removal joinder of PG & E, a "forum defendant," did not oust the district court of subject-matter jurisdiction. The forum defendant rule of 28 U.S.C. § 1441(b) is only applicable at the time a notice of removal is filed. Because no local defendant was a party to the action at that time, and given the preservation of complete diversity of the parties thereafter, the district court did not err in denying the Spencers' motion to remand.[2] As stated above, we do not decide what the result would be if PG & E were a nondiverse defendant.

Petition for mandamus DENIED.

---

2. Our resolution of the local defendant issue would be the same whether we review for clear error as a matter of law under *Bauman,* 557 F.2d at 654–55, or for "ordinary error for a case involving 'supervisory mandamus' "

under *In re Cement Antitrust Litigation,* 688 F.2d 1297, 1307 (9th Cir.1982), *aff'd sub nom. Arizona v. United States Dist. Court,* 459 U.S. 1191, 103 S.Ct. 1173, 75 L.Ed.2d 425 (1983).