**Daniel W. NIMROD, Plaintiff,**

v.

**AMERICA MERCHANTS LIFE INSURANCE COMPANY, Defendant.**

**No. CIV.A. 02–T–240–S.**

United States District Court, M.D. Alabama, Southern Division.

March 8, 2002.

Charles Neville Reese, Reese & Reese, Daleville, for Daniel W. Nimrod, plaintiffs.

Bruce F. Rogers, James W. Davis, Bainbridge, Mims, Rogers & Smith, Birmingham, for American Merchants Life Insurance Company, defendants.

*ORDER*

MYRON H. THOMPSON, District Judge.

Plaintiff Daniel W. Nimrod filed a complaint in an Alabama state court, charging that defendant American Merchants Life Insurance Company "unilaterally and without providing plaintiff with the proceeds

thereof obtained a loan in the sum of $ 1584.00 against the cash value" of the "whole life policy," which American had issued to Nimrod "with a standard premium in the amount of Thirteen Thousand Dollars." Nimrod further alleges that the "acquisition of the loan by the insurer was procured without the consent of plaintiff, was done in bad faith, constituted a breach of the insurance agreement between plaintiff and defendant, and has unlawfully diminished the value of the insurance policy." Nimrod prays for an unspecified amount of compensatory and punitive damages.

Reassure American Life Insurance Company (which "is the successor in interest to the defendant named by the plaintiff, American Merchants Life Insurance Company, which was merged with and into Reassure in or around January 2001") removed this lawsuit from state to federal court pursuant to 28 U.S.C.A. § 1441, alleging diversity jurisdiction under 28 U.S.C.A. § 1332.

■ Because this court has an independent responsibility to examine its subject-matter jurisdiction, *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1318 (11th Cir.2001), it does so now. Diversity jurisdiction exists where the suit is between citizens of different States and the amount in controversy exceeds the statutorily prescribed amount, in this case $ 75,000. 28 U.S.C.A. § 1332(a). There is no dispute that the parties are of diverse citizenship. However, the court does have concerns whether the amount-in-controversy requirement has been satisfied.

■ A removing defendant bears the burden of proving proper federal jurisdiction. *Leonard v. Enterprise Rent A Car*, 279 F.3d 967, 972 (11th Cir.2002). Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement. *Id.* "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." *Williams*, 269 F.3d at 1319–20.

■ Reassure has failed to carry its burden here. In other words, it has failed to set forth the "underlying facts" that would support a conclusion that the jurisdictional amount is satisfied. All Reassure does is list the following cases "involving fraud and bad faith claims" which courts have found exceed the jurisdictional amount:

> "*Principal Financial Group v. Thomas*, 585 So.2d 816 (Ala.1991) ($ 750,000 punitive damages verdict held not to be excessive against insurer found liable for bad faith failure to pay $1,000 in life insurance proceeds); *Intercontinental Life Ins. v. Lindblom*, 571 So.2d 1092 (Ala.1990) (Supreme Court remitted $3 million punitive damages verdict in bad faith case to $1 million); *United Services Automobile Asso. v. Wade*, 544 So.2d 906 (Ala.1989) ($3.5 Million punitive damages verdict in bad faith case remitted to $2.5 million."

This reference to other cases is insufficient. The requirement is that the removal notice set forth "underlying facts" in the instant case that the jurisdictional amount is met. Some general assertion that fraud and bad-faith claims in other cases have resulted in awards greater than $ 75,000 does not help the court in determining whether or not the specific facts in the instant case would result in such an award. Reassure must provide evidence or allegations that the amount involved in *this case* exceeds the jurisdictional amount.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that defendant American Merchants Life Insurance Company (now known as Reassure America Life Insurance Company) is allowed until March 22, 2002, to amend the notice of removal or otherwise provide sufficient evidence to indicate that the jurisdictional amount for removal is present, *see* 28 U.S.C.A. § 1653; otherwise, this cause shall be remanded to state court.