Vernard B. **GREEN**, Plaintiff,

v.

**CITY OF BESSEMER, ALABAMA,** Defendant.

No. CV 02–BU–0351–S.

United States District Court, N.D. Alabama, Southern Division.

May 17, 2002.

Memorandum Opinion & Order

BUTTRAM, District Judge.

In the above-styled action, Plaintiff Vernard B. Green brings claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); and 42 U.S.C. § 1983 ("Section 1983"), alleging that the Defendant City of Bessemer, Alabama ("City"), is liable for race discrimination and retaliation in connection with his employment. Now before the Court is motion to dismiss, filed pursuant to Fed.R.Civ.P. 12(b) by the City on April 29, 2002. (Doc. 7). Green filed a response in opposition thereto on May 10, 2002. (Doc. 9). Upon consideration, the Court concludes that the City's motion to dismiss is due to be **DENIED.**

In particular, the City raises the following grounds in its motion to dismiss: (1) that the complaint fails to state a claim upon which relief can be granted; (2) that there was insufficient service of process because such service was to the City's attorney's office rather than the City Clerk; (3) that Green's demand for punitive damages is due to be stricken because he has failed to state a claim against a municipality for which relief can be granted under § 6–11–26, Ala.Code; (4) the City enjoys immunity; and (5) Green's Title VII claim fails because he has not filed in the court record his "right-to-sue" letter from the EEOC.

The Court concludes that the City's motion is untimely insofar as it argues that the complaint is due to be dismissed either for failure to state a claim upon which relief can be granted, pursuant to Fed. R.Civ.P. 12(b)(6), or for insufficiency of service of process, pursuant to Fed. R.Civ.P. 12(b)(5). Rule 12(b) provides that

James M. Wooten, Esq., Law Offices of James M. Wooten, PC, Birmingham, AL, for Plaintiff.

J. Bentley Owens, III, Esq., Starnes & Atchison, LLP, Timothy P. Donahue, Esq., Donahue & Associates, LLC, Birmingham, AL, for Defendant.

the seven defenses it enumerates must be asserted either (1) in a responsive pleading, or (2) by motion under Rule 12(b) before interposing a responsive pleading if one is due. *Skrtich v. Thornton,* 280 F.3d 1295, 1306 (11th Cir.2002). In this case, the City filed an answer on April 26, 2002 (Doc. 6), three days before it filed its instant Rule 12(b) motion. Because a responsive pleading—an answer—had been filed, under the plain language of Rule 12(b), a motion to dismiss is inappropriate. *See Skrtich, supra; Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 971 (11th Cir. 2002).

As to the issue of punitive damages, since Green's claims are brought exclusively pursuant to federal law, the Court concludes that the City's invocation of § 6–11–26 of the Alabama Code is misplaced; that section simply has no application to Green's federal claims. The Court expresses no definitive opinion at this time on the unargued question of whether federal law might authorize Green to recover punitive damages from the City on any of his federal claims. That prospect would seem exceedingly doubtful, though. *See* 42 U.S.C. § 1981a(b)(1); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

 The Court will here state, however, that it rejects entirely the City's general assertion of immunity on Green's federal claims. Municipalities enjoy no sovereign immunity under the Eleventh Amendment. *Miccosukee Tribe of Indians of Florida v. Florida State Athletic Com'n,* 226 F.3d 1226, 1231 (11th Cir.2000). Furthermore, even if they did, Congress validly abrogated such immunity as it pertains to Title VII claims. *In re Employment Discrimination Litigation Against State of Ala.,* 198 F.3d 1305, 1319 (11th Cir.1999). Nor do municipalities enjoy even qualified immunity with regard to either § 1983 claims, *Heggs v. Grant,* 73 F.3d 317, 320 n. 5 (11th Cir.1996), or § 1981 claims, *Garner v. Giarrusso,* 571 F.2d 1330, 1341 (5th Cir.1978).[1] The Court would note, however, that Green's § 1981 claims are effectively merged with his parallel § 1983 claims, *see Jett v. Dallas Independent School Dist.,* 491 U.S. 701, 731–32, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989); *Vason v. City of Montgomery, Ala.,* 240 F.3d 905, 906 n. 1 (11th Cir.2001), and Green cannot prevail against the City under either statute pursuant to a *respondeat superior* theory. *See Jett, supra.*

And finally, it should be acknowledged that Green has filed in the record a copy of his right-to-sue letter, as per the Court's instructions. *See* Doc. 4. Thus, the City's argument that Green's Title VII claim is due to be dismissed on this ground is without merit.

Based on the foregoing, the City's motion to dismiss (Doc. 7) is hereby **DENIED**.

---

1. All decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).