[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10604
Non-Argument Calendar

_____

D. C. Docket No. 07-00486-CV-CB

GARY BELL,

Plaintiff-Appellant,

versus

PHIL PERKINS,
PHILIP MASON,
STEVE BRADLEY,
LAMAR JOHNSON,
AIMEE MOORE,
JACKIE GARRICK, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(December 29, 2008)

Before ANDERSON, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Gary Bell, proceeding pro se, appeals the district court's dismissal of his 42 U.S.C. §§ 1982, 1983, and 1985 action. Bell was the losing party in a child support and a civil assault proceeding in Alabama state courts, and he has sued the appellees for alleged civil rights violations that occurred in connection with these proceedings. The district court dismissed Bell's complaint on a number of grounds, but did not address its subject-matter jurisdiction. For the reasons that follow, we vacate and remand.

We are obligated to "inquire into subject-matter jurisdiction sua sponte whenever it may be lacking." Cadet v. Bulger, 377 F.3d 1173, 1179 (11th Cir. 2004) (quotation marks omitted). We review questions of subject-matter jurisdiction de novo. Goodman ex. rel. Goodman v. Sipos, 259 F.3d 1327, 1331 (11th Cir. 2001).

Under the Rooker-Feldman doctrine, federal district and appellate courts lack subject matter jurisdiction to review the final judgment of a state court. Goodman, 259 F.3d at 1332. The prohibition extends beyond claims actually adjudicated by the state court to include claims that are "inextricably intertwined" with a state court judgment. Id. A federal claim is inextricably intertwined with a

2

state court judgment if "the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc). However, the Rooker-Feldman doctrine does not restrict federal subject-matter jurisdiction when a party did not have a "reasonable opportunity to raise [the] federal claims in state proceedings." Goodman, 259 F.3d at 1332. Moreover, the doctrine only applies in instances in which "state-court losers" brought actions concerning the state court judgment in federal court. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 1521-22, 161 L.Ed.2d 454 (2005).

Here, neither the district court nor the parties considered whether Rooker-Feldman barred any of Bell's claims. Based on the record, it appears that the district court lacked jurisdiction over some, if not all, of the claims. See Goodman, 259 F.3d at 1334-1335 (addressing similar claims). Where the record is incomplete with respect to the jurisdictional question, however, the proper disposition is to remand to the district court for factual consideration. See Leonard v. Enter. Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002). Accordingly, we remand this case back to the district court to consider its subject-matter jurisdiction.

**VACATED AND REMANDED.**