[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-14508
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cv-01183-RWS

SARA BOHANNON,

Plaintiff-Appellant,

versus

PHH MORTGAGE CORPORATION,
FEDERAL NATIONAL MORTGAGE ASSOCIATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 20, 2016)

Before HULL, MARCUS and JILL PRYOR, Circuit Judges.

PER CURIAM:

Sarah Bohannon asserts that PHH Mortgage Corporation and the Federal

National Mortgage Corporation ("Fannie Mae") wrongfully foreclosed on her property because PHH failed to provide Bohannon with a notice identifying Fannie Mae as the entity with full authority to negotiate, amend, or modify her mortgage, as Georgia law required. The district court held that (1) collateral estoppel barred Bohannon's claims and (2) Bohannon failed to state a claim upon which relief could be granted, both because the notice substantially complied with statutory requirements and because she failed to allege sufficient facts to establish that the alleged violation caused her damages. On appeal, because Bohannon fails to challenge the district court's holding regarding causation, we affirm the district court's dismissal for failure to state a claim.

## I.    FACTUAL BACKGROUND

Sara Bohannon obtained a residential mortgage loan for her home from Georgia Telco Credit Union. Fannie Mae came to own the loan, with PHH serving as the servicer of the loan.[1] PHH sent Bohannon a letter informing her that her property was going to be sold at a foreclosure auction and that PHH was the entity with the full authority to negotiate, amend, and modify the terms of her mortgage. But Bohannon alleges that PHH, in fact, had only limited authority to negotiate,

---

[1] At the motion to dismiss stage, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to Bohannon. *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).

amend, or modify the terms of her mortgage and that Fannie Mae retained the full authority.

After sending Bohannon notice of the foreclosure, PHH held the foreclosure auction and purchased the property as, it claims, the highest bidder. Subsequently, PHH conveyed the property to Fannie Mae, which evicted Bohannon.

Bohannon sued PHH and Fannie Mae in Georgia state court, alleging two claims of wrongful foreclosure. After PHH and Fannie Mae removed the case to federal court based on diversity jurisdiction,[2] they moved to dismiss the claims. The district court granted the motion to dismiss with respect to all claims. The court relied on three alternative grounds to support its conclusion: (1) collateral estoppel barred Bohannon's claims because she had previously litigated the issue

---

[2] Bohannon argues on appeal that the district court should have remanded the case to the state court for lack of subject matter jurisdiction. But it is clear that this case met the requirements for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship existed because Bohannon is a citizen of Georgia, PHH is a citizen of New Jersey, and Fannie Mae is a citizen of the District of Columbia. And, regardless of what Bohannon pled in the complaint about the amount in controversy, the amount exceeded $75,000 because she sought to invalidate the non-judicial foreclosure sale of her property, at which her property sold for $180,510.84. *See Leonard v. Enter. Rent a Car*, 279 F.3d 967, 973 (11th Cir. 2002) ("The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted."). The district court thus had subject matter jurisdiction.

Bohannon also argues, for the first time in her reply brief, that PHH and Fannie Mae's removal to federal court was untimely. We ordinarily do not consider arguments raised for the first time in a reply brief. *See Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) ("[A]n issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (internal quotation marks omitted).

What's more, Bohannon has waived this issue by failing to move to remand or otherwise raise it in the district court. *See F.D.I.C. v. Verex Assur., Inc.*, 3 F.3d 391, 395 (11th Cir. 1993) ("By well settled convention, appellate courts generally will not consider an issue or theory that was not raised in the district court.").

of PHH's authority to foreclose on the property; (2) Bohannon failed to state a claim upon which relief could be granted because PHH's notice substantially complied with O.C.G.A. § 44-14-162.2; and (3) Bohannon failed to state a claim for relief because her allegations were insufficient to establish causation.  After the district court entered a judgment dismissing Bohannon's claims, she appealed.

## II. ANALYSIS

"To obtain reversal of a district court judgment that is based on multiple, independent grounds, an appellant must convince us that every stated ground for the judgment against him is incorrect. When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).  That is the case here.

On appeal, Bohannon argues that the district court erred in holding that collateral estoppel bars her claims against PHH and that she failed to state a claim for relief because PHH's notice of foreclosure substantially complied with O.C.G.A. § 44-14-162.2.  But she fails to address in any way the district court's third alternative holding that she failed to state a claim because she alleged

4

insufficient facts to establish that PHH's inadequate notice caused her damages.[3]

Bohannon has abandoned any argument that the district court erred in this alternative holding. *See United States v. Kapordelis*, 569 F.3d 1291, 1312 (11th Cir. 2009) ("As [the defendant] has not properly presented these arguments for review, they are waived on appeal, and we decline to consider them further."). Therefore, the district court's judgment is due to be affirmed.

### III.   CONCLUSION

For the foregoing reasons, we affirm the district court's dismissal.

**AFFIRMED.**

---

[3] Bohannon appears to assert that the district court should have allowed her the opportunity to amend her complaint. But she never sought leave to amend in the district court or expressed an intention to do so. Furthermore, in her briefs on appeal she gives no indication as to how she would amend her complaint or why amendment would not be futile. Indeed, she appears to have conceded—in response to the defendants' motion to dismiss arguing that she failed to allege the inadequate notice caused her damages—that she "was admittedly in default on the repayment of the underlying loan . . . ." Accordingly, we discern no error.