Jeffrey JONES; Danny Branham; Judith Branham; and Randy Bradley, Plaintiffs–Appellants,

v.

KNOX EXPLORATION CORPORATION, Defendant–Appellee.

No. 92–5590.

United States Court of Appeals, Sixth Circuit.

Submitted July 2, 1993.

Decided Aug. 25, 1993.

Steven D. Combs (briefed), Combs & Combs, Pikeville, KY, for plaintiffs-appellants.

Darrell E. Sammons (briefed), Pikeville, KY, for defendant-appellee.

Before: JONES and MILBURN, Circuit Judges; and LIVELY, Senior Circuit Judge.

LIVELY, Senior Circuit Judge.

The issue in this case is one of subject matter jurisdiction. The question is whether the amount in controversy in this diversity action exceeds $50,000, as required by 28 U.S.C. § 1332.[1] Finding that the amount in

---

1. Section 1332 provides, as relevant here:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

controversy did not satisfy the statutory requirement at the inception of the action, we reverse the district court's judgment on the merits and remand with directions to dismiss.

## I.

The plaintiffs-appellants brought this action to recover royalties allegedly due from the defendant under an assignment of a "working interest" in an oil and gas well in Clay County, Kentucky. The defendant is a Florida corporation and the only basis for federal court jurisdiction is diversity of citizenship. The complaint set out the diverse citizenship of the plaintiffs and the defendant, followed by this statement:

> To the best information, knowledge, and belief of the Plaintiffs and/or their undersigned counsel the amount in controversy between the Parties hereto exceeds Fifty Thousand Dollars ($50,000).

Along with their timely answer, the defendant filed a motion to dismiss claiming a jurisdictional defect in that the true amount in controversy was in fact less than $10,000, not more than $50,000.

The district court denied the motion to dismiss without giving any statement of reasons. The case followed a rather tortuous path thereafter and finally concluded with entry of summary judgment in favor of the defendant. The plaintiffs filed a notice of appeal, and all parties waived oral argument. Thus, the appeal was submitted on the district court record and the briefs.

The defendant did not renew its motion to dismiss following judgment, or in this court. However, the plaintiffs made the following statement in their opening brief:

Because the case was ruled on below following cross motions for Summary Judgment and prior to any extensive discovery, it was not discovered until this appeal that the amount in controversy is actually less than $50,000.

## II.

■ Although the defendant has not raised the issue of jurisdictional amount on appeal, this court has a duty to determine whether the amount in controversy satisfies the statutory requirement. *Clark v. Paul Gray, Inc.,* 306 U.S. 583, 588, 59 S.Ct. 744, 748, 83 L.Ed. 1001 (1939).

■ If a claim of the required jurisdictional amount is apparently made in good faith, that claim controls unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 590, 82 L.Ed. 845 (1938). We have held that where an action contained two claims, which together satisfied the jurisdictional amount requirement, and one count was eliminated following discovery, the fact that the only remaining claim was for less than the jurisdictional amount did not require dismissal. *Worthams v. Atlanta Life Ins. Co.,* 533 F.2d 994 (6th Cir. 1976). We reached a similar result in *Klepper v. First American Bank,* 916 F.2d 337 (6th Cir.1990). In *Klepper,* the complaint contained claims for punitive, compensatory and incidental damages. The district court granted partial summary judgment for the defendant and dismissed the claims for punitive and compensatory damages. The district court then dismissed the entire action upon finding that the remaining claim for incidental damages failed to satisfy the jurisdictional amount requirement. This court reversed, holding that because the three claims for damages in the complaint satisfied the jurisdictional amount requirement in the aggregate, dismissal of two of the claims did not deprive the district court of jurisdiction. *Id.* at 341. This determination derives from the rule that a federal court's jurisdiction ordinarily depends "on the facts as they exist when the complaint is filed." *Newman–Green, Inc. v. Alfonzo–Larrain,* 490 U.S. 826, 830, 109 S.Ct. 2218, 2222, 104 L.Ed.2d 893 (1989).

■ These cases illustrate the rule that if a good-faith claim of sufficient amount is made in the complaint, subsequent events

that reduce the amount below the statutory requirement do not require dismissal. A distinction must be made, however, between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action. Thus, while 28 U.S.C. § 1653 permits amendments of a complaint to cure defective *allegations* of jurisdiction, it does not permit amendments to remedy actual jurisdictional defects. *Newman–Green,* 490 U.S. at 831–32, 109 S.Ct. at 2222–23. As Judge Campbell stated in *Jimenez Puig v. Avis Rent–A–Car System,* 574 F.2d 37, 39 (1st Cir.1978), where "the 'proofs' adduced at trial conclusively show that the plaintiff never had a claim even arguably within the [required] range," a diversity action must be dismissed.

### III.

The present case is factually different from those previously decided by this court and those we have discovered from other courts of appeals. Here the jurisdictional defect was not disclosed by an amended complaint, by application of a legal defense following discovery, or by evidence adduced at a trial. Rather, the plaintiffs revealed in their brief filed in this court that "the amount in controversy is actually less than $50,000." Since no subsequent event occurred to reduce the amount in controversy, this can only mean that the plaintiffs' claims never satisfied the jurisdictional requirement.

We have located only one case with similar facts. In *American Mutual Liability Ins. Co. v. Campbell Lumber Mfg. Corp.,* 329 F.Supp. 1283 (N.D.Ga.1971), the complaint sought damages in excess of the required amount. Following discovery, however, the plaintiff advised the court that the maximum amount in controversy was less than the jurisdictional minimum. This was a factual basis for denying jurisdiction, not application of a legal defense as in *Worthams.* After examining the authorities, particularly *St. Paul Mercury Indemnity,* the court concluded that it must dismiss the action. The plaintiff's good faith in claiming in its complaint that the jurisdictional amount was present did not save the case. Applying the rule in *St. Paul Mercury Indemnity,* the court held, "As plaintiff in the instant case concedes that his claim is for substantially less than the jurisdictional amount, it is a legal certainty that the amount in controversy does not exceed [the jurisdictional minimum]." *Id.* at 1285. Professor Moore refers to *American Mutual* as a "well-known case" and cites it with approval for the proposition that "[l]ack of the jurisdictional amount from the outset—although not recognized until later—is not a subsequent change that can be ignored." Moore's Federal Practice ¶ 0.92[1] (2d ed. 1993) (footnote omitted).

We believe the present case is subject to the same analysis. No subsequent event changed the amount in controversy; rather, subsequent discovery of the true amount led to the plaintiffs' commendable disclosure to this court. Because there was never more than $50,000 in controversy, the district court lacked subject matter jurisdiction over this action.

The judgment of the district court is reversed. The case is remanded to the district court with instructions to dismiss at the plaintiffs' costs. Inasmuch as the defendant did not raise the jurisdictional issue in this court and give this court an opportunity to dispose of the case by motion, no costs are allowed on appeal. All parties will bear their own costs here.