[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 18, 2002
THOMAS K. KAHN
CLERK

No. 00-10273

D. C. Docket No. 97-01497-CV-S-N

SHANNON LEONARD,
THERESA MOORE,

Plaintiffs-Appellants,

versus

ENTERPRISE RENT A CAR,
NATIONAL CAR RENTAL, et al.,

Defendants-Appellees.

Appeal from the United States District Court
for the Middle District of Alabama

(January 18, 2002)

Before TJOFLAT and BIRCH, Circuit Judges, and VINING*, District Judge.

_____
*Honorable Robert L. Vining, Jr., U.S. District Judge for the Northern District of Georgia,
sitting by designation.

TJOFLAT, Circuit Judge:

Shannon Leonard and Theresa Moore, as representatives of a class of Alabama citizens, appeal the district court's dismissal of their diversity suit against seven car rental companies for failure to state a claim for relief. We conclude that the district court should have dismissed the case for lack of subject matter jurisdiction because the amount in controversy does not exceed $75,000, as required under 28 U.S.C. § 1332.[1] We therefore vacate the court's judgment and direct the district court to remand the case to the state court.

I.

On October 2, 1997, the plaintiffs brought this class action in the circuit court of Coosa County, Alabama. The plaintiffs, and the class members they purport to represent, are Alabama residents[2] who rented vehicles from one or more of the defendant car rental companies and purchased automobile insurance or supplemental coverage as part of that rental. Their complaint contained three

---

[1] Section 1332(a) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [diverse parties]."

[2] In the complaint, the plaintiffs described themselves as "resident citizen[s]" of Alabama. For purposes of establishing diversity jurisdiction, we will treat the class members as Alabama citizens.

counts.[3]  Count one alleged that the defendants sold such insurance without being

licensed to do so by Alabama or any other state and thus were unjustly enriched;

count two alleged that the defendants knowingly concealed or misrepresented

material facts regarding the insurance; and count three alleged that the defendants

conspired to injure plaintiffs by selling them the insurance.  On each count, the

plaintiffs requested "judgment for all actual and punitive damages . . . attorneys'

fees, and any other relief to which the plaintiff class may be entitled."[4]

The defendants removed the case to the United States District Court for the

Middle District of Alabama within the thirty-day time period specified by 28

U.S.C. §§ 1441, 1446.[5]  In the notice of removal, they represented that the amount

---

[3] After their case was removed to the district court, the plaintiffs filed an amended complaint.  For our purposes, it merely replicated the three counts of the initial complaint.  We therefore refer to the amended complaint as the complaint.

[4] On October 2, 1997, immediately after the plaintiffs filed their complaint, the circuit court entered an order "conditionally certifying" a class consisting of individual Alabama residents who rented vehicles from one or more of the defendant companies and purchased insurance coverage as part of that rental.  The district court had not yet revisited this issue under Fed. R. Civ. P. 23 when it dismissed the complaint for failure to state a claim.  See note 10, infra.

[5] Each defendant joined in the notice of removal filed by National Car Rental.  Of the eight defendants named in the complaint, seven are non-residents of Alabama; one is an Alabama resident.  The former are Enterprise Rent a Car, National Car Rental, Hertz Corporation, Budget Rent a Car Systems, Inc., Avis Rent a Car Systems, Inc., Dollar Rent a Car Systems, Inc., and Thrifty Car Rental.  The latter is Birmingham Rent a Car, Inc. ("Birmingham").  The notice of removal filed in the district court alleged that the plaintiffs had fraudulently joined Birmingham in order to preclude removal of the case to federal district court as a diversity case brought under 28 U.S.C. § 1332.  On the plaintiffs' motion, filed after the case was removed, the district court dismissed Birmingham from the case without prejudice.

in controversy satisfied the "in excess of $75,000" jurisdictional requisite of 28 U.S.C. § 1332. Then, in their answers to the complaint, the defendants asserted, as an affirmative defense, that the complaint failed to state a claim for relief. The court treated such defense as a motion to dismiss filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure, granted it, and entered a final judgment dismissing the case as to each defendant with prejudice.[6] The plaintiffs now appeal.[7]

## II.

In their brief on appeal, the plaintiffs question whether the amount in controversy in this case exceeds $75,000 and, thus, whether the district court had subject matter jurisdiction. The plaintiffs point out that Davis v. Carl Cannon Chevrolet-Olds, Inc., 182 F.3d 792 (11th Cir. 1999), precluded the district court from including their request for attorney's fees in calculating the amount in controversy, and that Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000),

---

[6] After answering the complaint, the defendants filed Rule 12(b)(6) motions to dismiss the plaintiffs' claims. Under Rule 12(b), these motions were a nullity; by filing an answer, the defendants had eschewed the option of asserting by motion that the complaint failed to state a claim for relief. As Rule 12(b) states, "[a] motion making [the defense of failure to state a claim for which relief can be granted] shall be made before pleading if a further pleading [e.g., an answer to the complaint] is permitted."

[7] On November 19, 2001, after oral arguments were heard in this case, National Car Rental filed a notice of stay pursuant to 11 U.S.C. § 362(a), indicating that it had filed for a Chapter 11 bankruptcy petition six days previously. On December 14, 2001 we stayed this appeal as to National only.

precluded the court from aggregating the punitive damages claimed by each class member in order to reach the in excess of $75,000 amount.[8]

The defendants, in their briefs, do not respond to the plaintiffs' suggestion that the district court may have lacked subject matter jurisdiction. Presumably, they rely on their notice of removal which argued that punitive damages could properly be aggregated and that the complaint's allegation that "all fees collected from the class for rental insurance" and its prayer for "equitable relief" sufficed to establish the $75,000 requirement.

Because we are obligated to notice the district court's lack of subject matter jurisdiction if such is the case, we address the jurisdictional questions the plaintiffs' brief has presented. See Williams v. Best Buy Co., 269 F.3d 1316, 1318 (11th Cir. 2001). Dismissal of a case brought under 28 U.S.C. § 1332 is proper where the pleadings make it clear "to a legal certainty that the claim is really for less than the jurisdictional amount . . ." St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938). Where, however, it is unclear whether the jurisdictional amount has been satisfied, due to an incomplete development of the record by the district court, the proper course of action is to

---

[8] The decisions in Davis and Cohen came down after this case was removed to the district court.

5

remand the case for factual findings on the actual amount in controversy. Williams, 269 F. 3d at 1321 (applying this approach where, as here, the defendant asserted the requisite amount in controversy in its notice of removal, and the plaintiff did not challenge the assertion in the district court). Finally, we note that for purposes of this challenge to the subject matter jurisdiction of the district court, the critical time is the date of removal – October 10, 1997. See Poore v. American-Amicable Life Ins. Co. of Tex., 218 F.3d 1287, 1289-91 (11th Cir. 2000). If jurisdiction was proper at that date, subsequent events, even the loss of the required amount in controversy, will not operate to divest the court of jurisdiction. See id. at 1291.

A removing defendant bears the burden of proving proper federal jurisdiction. Williams, 269 F.3d at 1319-20. Where a plaintiff fails to specify the total amount of damages demanded, as is the case here,[9] a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds by Cohen, 204 F.3d. 1069. "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied,

---

[9] Rather than specify the amount of damages sought by plaintiffs, the complaint in this case merely claims that "the amount in controversy is in excess of $75,000."

without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden." Williams, 269 F.3d at 1319-20. The defendants in this case have failed to carry their burden; all they did was to fill the notice of removal with the type of unsupported assumptions we have held to be inadequate.

First, the defendants claimed that, as with similar fraud cases, the plaintiffs in this action stood to be awarded punitive damages in excess of $75,000. They further insisted that any such award must be aggregated for determining the amount in controversy. In Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), we held that "for amount in controversy purposes a class punitive damages claim must be allocated *pro rata* to each class member." Id. at 1074. While Cohen was decided after the defendants removed this case to federal court, the law that controlled the decision in Cohen predated the removal. In Cohen, we explained that the controlling law of this circuit on the question of punitive damages had been set forth by the Fifth Circuit case of Lindsey v. Alabama Tel. Co., 576 F.2d 593 (5th Cir. 1978),[10] and overruled the contradictory portion of this circuit's decision in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1358-59 (11th Cir. 1996). Where

---

[10] Fifth Circuit opinions predating the circuit split in 1981 are binding on this circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

an intracircuit conflict of law exists, the earliest panel opinion is controlling.  See

United States v. Dailey, 24 F.3d 1323, 1327 (11th Cir. 1994).  Lindsey was thus the

applicable law of this circuit when defendants removed this case in 1997 and

controls our decision today, requiring us to consider the punitive damages on a pro

rata basis, and divide the total punitive damages claim by the total number of class

members.  Although both the size of the class[11] and the amount of damages sought

by the class were left undefined by the defendants, making it impossible for us to

perform the precise calculation, we can conclude that without the benefit of

aggregation, defendants would be unable to carry their burden of proof that the

punitive damages are likely to exceed $75,000.  This case was therefore not

removable to federal court based on the plaintiffs' claims for punitive damages.

Second, the defendants speculated that any award of equitable relief to the

plaintiffs would impose costs on each defendant exceeding $75,000.  The plaintiffs'

claim for equitable relief cannot satisfy the amount in controversy requirement.

---

[11]  The only relevant information provided in the complaint is that "the number of class members is in the terms of thousands."  Prior to the case being removed to the district court, the Alabama circuit court conditionally certified the class in October of 1997 as consisting of "all persons in the United States in the last four years who have rented a vehicle from defendants and as part of that rental purchased insurance from the defendants."  Following removal, the magistrate judge entered a scheduling order directing the plaintiffs to file sufficient evidentiary materials to support their request for class certification and scheduling argument on this issue.  This order was effectively vacated by the district court's subsequent dismissal of all claims against the defendants.  Thus, the district court never certified the class of plaintiffs in this case.

The value of injunctive or declaratory relief for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted. See Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc., 120 F.3d 216, 218 (11th Cir. 1997). If we determine that the monetary value of the injunctive relief to the class plaintiffs is "too speculative and immeasurable to satisfy the amount in controversy requirement" we need not even reach the question of whether such relief must be considered in the aggregate or pro rata. Id. at 221-22. The plaintiffs in this case have always been free to refuse to purchase the insurance offered by the defendants. Whether or not an injunction is granted in this case, the plaintiffs will be able to avoid paying for the insurance. Thus, the injunctive relief, unlike the compensatory and punitive relief, will not be of any monetary value to the class members, and cannot be considered for amount in controversy purposes.

Third, the defendants claimed that the plaintiffs' request for attorneys' fees should be considered in the aggregate for the purpose of satisfying the amount in controversy requirement. Alabama generally applies the American rule, that each party bear its own costs of litigation. See Ex Parte Horn, 718 So.2d 694, 702 (Ala. 1998). Alabama has long recognized exceptions for statutory and contractual fee shifting, along with two equitable "exceptions" to the American rule: the "common

fund" and "common benefit" doctrines. See id. The common benefit doctrine allows courts to require defendants to pay plaintiffs' attorneys' fees, in addition to any damages, when the litigation has conferred some kind of benefit on the public. See Brown v. Alabama, 565 So. 2d 585, 592 (Ala. 1990). The common fund doctrine, however, authorizes the trial court to deduct reasonable attorneys' fees from the damages recovered from the defendant, which damages are held in a common fund for the class pending distribution. See Edelman & Combs v. Law, 663 So.2d 957, 959-60 (Ala. 1995). The present case falls into the common fund exception – any award of attorneys' fees made by the court in its discretion would be awarded from this "common fund." Such an award is thus "a matter solely for the court and the plaintiffs' lawyers," and, of course, the plaintiff class members, and does not enhance any class member's claim against the defendants. Davis v. Carl Cannon Chevrolet-Olds, Inc., 182 F.3d 792, 797 (11th Cir. 1999). Since the plaintiffs have no right to recover attorneys' fees from defendants in this case, their request for attorneys' fees does not constitute part of their claim against the defendants and cannot be considered for amount in controversy purposes.

Finally, the sole possibility for satisfying the amount in controversy is the actual damages sought by plaintiffs. The defendants argued that the plaintiffs' request for damages in the amount of "all fees collected from the class for rental

insurance" alone satisfied the amount in controversy. We must take judicial notice of the fact that no single class member stands to recover more than $75,000 in actual damages from this litigation. The amounts of the allegedly fraudulent insurance charges involved in these cases is unknown. Undoubtedly, however, those amounts are relatively small. Moreover, we do not aggregate the value of multiple plaintiffs' claims to satisfy the amount in controversy requirement simply because they are joined in a single lawsuit. See Zahn v. International Paper Co., 414 U.S. 291, 295, 94 S. Ct. 505, 508, 38 L. Ed. 2d 511 (1974). We only aggregate claims "when several plaintiffs unite to enforce a single title or right, in which they have a common and undivided interest." Id. at 294, 94 S. Ct. at 508. The claims for compensatory damages in this action arose from each class member's individual rental agreement(s) with a defendant company. As such, we can only consider the value of these claims pro rata. Once again, the absence of any basis for aggregation leads us to conclude that the actual damages in this case cannot be used to satisfy the amount in controversy requirement, and that this case was not removable to federal court.

In short, the conclusory bases for federal diversity jurisdiction set forth by defendants in the notice of removal are so insufficient that they do not give rise to a credible assertion that at least one member of the plaintiff class stands to recover

11

damages and other relief valued in excess of $75,000. As such, the case must be remanded to the state court.

III.

For the forgoing reasons, the judgment of the district court is VACATED and the case is REMANDED to the district court with instructions to REMAND it to the state court.

SO ORDERED.