**Tocca VAUGHN, Administratrix for the Estate of Tyrelle Vaughn, deceased, Plaintiff–Appellant,**

v.

**HOLIDAY INN CLEVELAND COLISEUM, et al., Defendants,**

**Lodgian, Inc.; Impac Hotel Group, L.L.C.; Impac Spe# 2, Inc.; Impac Hotels II, L.L.C.; Lodgian Hotels, Inc.; Bass Hotels and Resorts, Inc., Defendants–Appellees.**

No. 01–4217.

United States Court of Appeals, Sixth Circuit.

Feb. 14, 2003.

Before SILER, DAUGHTREY, and COLE, Circuit Judges.

*ORDER*

Tocca Vaughn, administratrix for the estate of Tyrelle Vaughn, an Ohio citizen, appeals the district court order dismissing her complaint without prejudice for failure to allege grounds for diversity jurisdiction. Vaughn is represented by counsel and has expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking damages in excess of $75,000, Vaughn sued Holiday Inn Cleveland Coliseum; Lodgian, Inc., Impac Hotel Group, L.L.C., Impac Spe # 2, Inc., Impac Hotels II, L.L.C., and Lodgian Hotels, Inc. (Lodgian, collectively); Zurich Insurance Agency, Inc. (Zurich); Bass Hotels and Resorts, Inc. (Bass); and five John Does in her first amended complaint. Vaughn alleged that the defendants' negligence caused Tyrelle Vaughn to drown in a Holiday Inn pool in Cleveland, Ohio. Vaughn invoked diversity jurisdiction under 28 U.S.C. § 1332. Although she listed Ohio addresses for each of the known defendants, she alleged that Lodgian was a foreign corporation with its principal place of business in Delaware, that Bass was a citizen of Georgia, and that Holiday Inn Cleveland Coliseum was

a citizen of a foreign state. Vaughn did not allege the citizenship of Zurich. The district court dismissed the complaint without prejudice because the complaint did not allege sufficient facts to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1). Vaughn filed a motion to reconsider under Fed.R.Civ.P. 59 and 60. She asked the court to withdraw the order of dismissal and remand the case to state court to avoid a statute of limitations problem. The court denied the motion, holding that there was no authority to remand the case to state court because it originated in the district court. *See* 28 U.S.C. § 1447.

In her appeal, Vaughn argues that she properly alleged diversity of citizenship and seeks to amend her complaint in this court.

Upon review, we conclude that the district court properly dismissed Vaughn's complaint, but we also conclude that Vaughn should be permitted to amend her complaint on appeal. Vaughn's district court complaint did not allege sufficient facts to support the existence of complete diversity among the parties, but under 28 U.S.C. § 1653 she can cure the deficiencies even after judgment has been entered and an appeal taken. *See Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182–83 (6th Cir.1993).

The sufficiency of a complaint is a question of law and is reviewed de novo on appeal. *See LRL Props. v. Portage Metro Housing Auth.*, 55 F.3d 1097, 1104 (6th Cir.1995). A plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the court's jurisdiction. Fed.R.Civ.P. 8. In a diversity action, "the plaintiff must state all parties' citizenships such that the existence of complete diversity can be confirmed." *Chemical Leaman Tank Lines, Inc. v. Aetna Cas. and Sur. Co.*, 177 F.3d 210, 222 n. 13 (3d Cir.1999). Because a corporation is considered a citizen of both its place of incorporation and its principal place of business, *see* 28 U.S.C. § 1332(c)(1), a plaintiff attempting to invoke diversity jurisdiction when suing a corporation must allege both the corporation's state of incorporation and its principal place of business. *Acwoo Intern. Steel Corp. v. Toko Kaiun Kaish, Ltd.*, 840 F.2d 1284, 1290 (6th Cir. 1988).

Vaughn failed to allege sufficient facts to support the existence of complete diversity among the parties. Specifically, she did not allege both the place of incorporation and principal place of business for each corporation she sued. Vaughn did not name Lodgian's place of incorporation, did not indicate either Bass's place of incorporation or its principal place of business, and did not provide either Holiday Inn Cleveland Coliseum's place of incorporation or its principal place of business. Thus, the district court properly held that Vaughn failed to allege sufficient information to determine whether complete diversity exists. *See id.*

For the foregoing reasons, we affirm the district court's decision to dismiss Vaughn's first amended complaint without prejudice but grant Vaughn's request to amend her complaint. Vaughn is directed to submit a complaint that alleges both the state of incorporation and the principal place of business of each corporation named as a defendant. *See* 28 U.S.C. § 1332(c)(1); *Intern. Steel Corp.*, 840 F.2d at 1290. The case is hereby remanded to the district court.