**Leslie REILLY, an individual, on behalf of herself and all others similarly situated, Plaintiff,**

v.

**AMY'S KITCHEN, INC., a California corporation, Defendant.**

**Case No. 13–21525–CIV.**

United States District Court,
S.D. Florida.

March 7, 2014.

Alison Clasby Harke, Howard Mitchell Bushman, Sarah Clasby Engel, Lance August Harke, Harke Clasby & Bushman LLP, Miami Shores, FL, for Plaintiff.

Andrea M. Weiss, Dale J. Giali, Michael L. Resch, Mayer Brown, LLP, Los Angeles, CA, Lawrence Dean Silverman, Sandra Jessica Millor, Akerman LLC, Miami, FL, for Defendant.

***ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION***

JAMES I. COHN, District Judge.

**THIS CAUSE** is before the Court on Defendant Amy Kitchen, Inc.'s Motion to Dismiss Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction [DE 70] ("Motion"). The Court has carefully considered the Motion, Plaintiff's Response [DE 80] ("Response"), Defendant's Reply [DE 94] ("Reply"), the record in the case, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff Leslie Reilly ("Plaintiff") filed a purported class action complaint against Defendant Amy's Kitchen, Inc. ("Defendant") on April 29, 2013. Complaint [DE 1]. The Complaint alleges that Defendant misrepresented to its consumers that its products contain evaporated cane juice ("ECJ") even though ECJ is actually sugar, not juice. Compl. ¶ 2. Plaintiff further contends that ECJ is not the common or usual name of any type of sweetener or juice and that use of this name is "false and misleading." *Id.* ¶ 3. Specifically, Plaintiff alleges that Defendant uses the term ECJ "to make its product appear healthier than a product that contains 'sugar' as an ingredient and to increase sales and charge a premium." *Id.* ¶ 12. Defendant lists ECJ as an ingredient in its products despite the fact that the Food and Drug Administration ("FDA") has warned companies not to use this term because it is false and misleading, violates labeling requirements, and is not juice. *Id.* ¶ 15. In October 2009, the FDA issued draft guidance which indicated "that the term 'evaporated cane juice' is not the common or usual name for any type of sweetener, including dried cane syrup" and that the FDA "considers such representations to be false and misleading." *Id.* ¶ 17. Plaintiff contends that as a result of this guidance, Defendant's products are misbranded in violation of Fla. Stat. § 500.04. *Id.* ¶ 21.

Plaintiff alleges that she has purchased Defendant's products containing ECJ "including the All–American Veggie Burger, the Margherita Pizza, and the Light & Lean Black Bean & Cheese Enchilada." *Id.* ¶ 5. Plaintiff, on behalf of herself and all similarly situated Florida consumers who purchased Defendant's products listing ECJ in the ingredients from April 29, 2009 to the present, brings claims against Defendant for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201–501.213 ("FDUTPA") (Counts I and II) and unjust enrichment (Count III).

Defendant originally moved to dismiss the Complaint on July 16, 2013. *See* DE 17. The Court granted the motion to dismiss for any products which Plaintiff did not actually purchase, but denied the motion in all other respects. *See* Order Granting in Part and Denying in Part Defendant's Motion to Dismiss [DE 60] ("December 9, 2013 Order"). On December 20, 2013, Defendant filed the instant Motion which seeks to dismiss the Complaint based on lack of subject matter jurisdiction because Plaintiff cannot establish that the amount in controversy exceeds $5,000,000, as required under the Class Action Fairness Act ("CAFA").[1] Plaintiff opposes the Motion.

## II.  DISCUSSION

■■■■ A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) allows a Court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R.Civ.P. 12(b)(1). "CAFA grants subject matter jurisdiction to federal district courts over class actions in which (1) any member of the plaintiff class is a citizen of a state different from the state of citizenship of any defendant, (2) the aggregate amount in controversy exceeds $5 million, and (3) the proposed plaintiff class contains at least 100 members." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315, No. 14–10001, 2014 WL 576111, at *2 (11th Cir. Feb. 14, 2014) (citing 28 U.S.C. § 1332(d)(2), (5)-(6) (footnote omitted)). The Eleventh Circuit has held that "jurisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction." *Vega v. T–Mobile USA, Inc.*, 564 F.3d 1256, 1268 n. 12 (11th Cir.2009). If a claim of the required jurisdictional amount is made in good faith, that claim controls unless it appears "to a legal certainty that the claim is really for less than the jurisdictional amount." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938). Although the Eleventh Circuit has yet to directly discuss the issue,[2] other appellate courts have held that a " 'distinction must be made ... between subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was [never] in controversy at the commencement of the action.' " *State Farm Mut. Auto. Ins. Co. v. Powell*, 87 F.3d 93, 96–97 (3d Cir.1996) (quoting

---

**1.** After the Motion was filed, Plaintiff filed a motion for reconsideration which requested that the Court reconsider the December 9, 2013 Order to the extent it held that Plaintiff lacked standing regarding any products she did not purchase. The Court has denied the motion for reconsideration by separate order.

**2.** At least one case in the Middle District of Florida, however, has noted the subsequent event-subsequent revelation distinction. *See Mario v. Centex Homes*, No. 8:06–CV–131–T–23, 2006 WL 560150, at *1 (M.D.Fla. Mar. 7, 2006) (remanding case for lack of subject matter jurisdiction because unjust enrichment claim was fatally deficient at time complaint was filed due to existence of contract).

*Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir.1993)).

Defendant has moved to dismiss the Complaint for lack of subject matter jurisdiction. Defendant contends that based upon the Court's ruling in the December 9, 2013 Order that Plaintiff only has standing regarding the three products she actually purchased, the damages for the proposed class fall short of CAFA's $5 million jurisdictional amount. Motion at 11. According to Defendant, sales of the three products Plaintiff purchased during the class period in the state of Florida total only $1,045,993. *Id.* Defendant also argues that the Court's determination that Plaintiff lacks standing to bring claims related to products she did not purchase mandates dismissal for lack of subject matter jurisdiction because this holding is a subsequent revelation which mandates dismissal. Motion at 16. According to Defendant, Plaintiff lacked standing at the time the Complaint was filed. *Id.* Thus, Defendant contends that subject matter jurisdiction under CAFA never existed in this action because the amount in controversy was never over $5 million. *Id.*

Plaintiff opposes the Motion, arguing that the amount-in-controversy requirement is established at the time of filing the Complaint and that post-filing developments do not divest the court of subject matter jurisdiction. Response at 5. Plaintiff contends that because the good faith allegations of the Complaint satisfied the amount-in-controversy requirement, the Court continues to have jurisdiction over the action. *Id.* at 7–8. Plaintiff also argues that Defendant cannot establish that

it would be impossible for Plaintiff to recover $5 million or more in this action. *Id.* at 9. Plaintiff points out that in addition to monetary damages, she also seeks injunctive relief and attorney's fees and costs. *Id.*[3]

■ The Court agrees with Defendant that based upon the Court's finding that Plaintiff has standing to bring claims related only to the three products she actually purchased, the jurisdictional allegations of the Complaint do not support that the Court has subject matter jurisdiction. The Court's determination that Plaintiff lacks standing regarding the other 57 products listed in the Complaint is a subsequent revelation. Like the third insurance policy at issue in *Powell,* Plaintiff lacked standing to sue on the 57 products she did not purchase at the time the Complaint was filed. *See Powell,* 87 F.3d at 97 (holding that discovery that only two of three insurance policies referenced in complaint was in effect at the time of commencement of litigation was a subsequent revelation, not a subsequent event). Thus, the required $5 million was never in controversy at the time the Complaint was filed if this $5 million total depended upon sales of the 57 products for which Plaintiff lacks standing. *See Jones,* 2 F.3d at 183 (dismissing case for lack of subject matter jurisdiction where subsequent discovery disclosed that amount in controversy never met jurisdictional minimum).

Because Plaintiff improperly included claims related to the 57 products she did not purchase in calculating the amount in controversy, dismissal of this case for lack

---

**3.** Plaintiff also emphasizes that she intends to appeal the Court's ruling in this case that she only has standing regarding the products she actually purchased. Response at 11. As Defendant points out, however, whether Plaintiff will prevail on this issue on appeal is irrelevant and cannot be used to establish that

Plaintiff has satisfied CAFA's amount-in-controversy requirement. *See* Reply at 10. Moreover, Plaintiff has failed to cite any authority supporting her argument that the Court should consider the results of her potential appeal. Response at 11.

of subject matter jurisdiction is proper unless it appears to a "legal certainty" that Plaintiff's remaining claims meet CAFA's $5 million jurisdictional minimum. *See St. Paul Mercury Indem. Co.,* 303 U.S. at 289, 58 S.Ct. 586. Defendant has opined that Plaintiff cannot meet the $5 million threshold because it sold only $1,045,993 of the three products Plaintiff purchased in the State of Florida for the four year period from April 29, 2009 through April 29, 2013. *See* Declaration of Andrew J. Kopral [DE 70–3] ¶¶ 13–15. Mr. Kopral has also opined that sales of these products through December 13, 2015, would still be millions below the jurisdictional threshold. *Id.* ¶ 16.[4]

■ In opposition, Plaintiff contends that the Court must also include the value of the injunctive relief she seeks and potential attorney's fees in costs in calculating the total amount in controversy. Response at 10–11. Plaintiff is correct that the Court can take into account the value of any injunctive relief when calculating the amount in controversy. As the Eleventh Circuit has recently explained:

> We have held that "[f]or amount in controversy purposes, the value of injunctive or declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1268 (11th Cir.2000) (quotation marks omitted). Stated another way, the value of declaratory relief is "the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted." *Id.* For CAFA purposes, we aggregate the claims of individual class members and consider the monetary value that would flow to the entire class if declaratory relief were granted. *See* 28 U.S.C. § 1332(d)(6); *see also Cappuccitti v. DirecTV, Inc.,* 623 F.3d 1118, 1122 (11th Cir.2010); *Pretka [v. Kolter City Plaza II, Inc.],* 608 F.3d [744] at 772 [ (11th Cir.2010) ]. While absolute certainty is neither attainable nor required, the value of declaratory or injunctive relief must be "sufficiently measurable and certain" to satisfy the amount-in-controversy requirement. *Morrison,* 228 F.3d at 1269. That requirement is not satisfied if the value of the equitable relief is "too speculative and immeasurable." *Cohen v. Office Depot, Inc.,* 204 F.3d 1069, 1077 (11th Cir.2000) (quotation marks omitted); *see also Leonard v. Enter. Rent a Car,* 279 F.3d 967, 973 (11th Cir.2002). It is a matter of degree.

*S. Fla. Wellness, Inc.,* 745 F.3d at 1315–16, 2014 WL 576111, at *3. Because Plaintiff filed suit in this Court, she bears the burden of establishing the amount in controversy. *Id.* (placing the burden to establish CAFA's amount in controversy on party seeking federal jurisdiction through removal). Here, Plaintiff has failed to place a value on such recovery or otherwise provide any evidence to the Court which would establish that the value of injunctive relief would push her claims from $1,045,993 to $5 million.

The injunction Plaintiff seeks would bar Defendant from marketing its products as containing ECJ. Compl. ¶ 33. The value of such injunctive relief is speculative. The Eleventh Circuit's holdings in *Mann v. Unum Life Insurance Co. of America,* 505 Fed.Appx. 854 (11th Cir.2013), and *Leon-*

---

4. Defendant also correctly points out that any damages to the Plaintiff could be far less than Defendant's total sales of the three purchased products. *See* Reply at 9 n. 7. Instead, Plaintiff's damages could be limited solely to the premium paid by Plaintiff and the class for the products. *See id.;* Compl. ¶ 39 (seeking damages of either purchase price of the product or the premium paid).

*ard v. Enterprise Rent a Car,* 279 F.3d 967 (11th Cir.2002), are instructive on this issue:

> We agree with the district court that Unum's calculation of the injunction's monetary value is speculative, and we find our decision in *Leonard* to be directly on point. In *Leonard,* we held that when plaintiffs are "free to refuse to purchase the insurance offered by the defendants," an injunction "will not be of any monetary value to the class members, and cannot be considered for amount in controversy purposes." *Leonard,* 279 F.3d at 973 (emphasis added). The injunctive relief in *Leonard* was admittedly different from the relief sought here: there, the plaintiffs sought an injunction preventing the defendants from selling car-rental insurance in the future, *see id.,* whereas in this case the equitable relief would be a lower premium rate in the future. Yet the same rationale applies, because in both cases, the plaintiffs "have always been free to refuse to purchase the insurance offered by the defendants." *Id.; see also Lutz v. Protective Life Ins. Co.,* 328 F.Supp.2d 1350, 1361 (S.D.Fla.2004) (holding injunctive relief immeasurable because "Plaintiff as well as other class members will be able to avoid paying for this insurance, regardless of whether an injunction is granted"). We cannot say that an injunction in this case will necessarily trigger a "flow" of money to the plaintiffs, because even Unum concedes in its brief that the LTC Policies are renewable each year. *Leonard,* 279 F.3d at 973 (holding that the value of injunctive relief is "the monetary value of the object of the litigation that would flow to the plaintiffs if the injunction were granted").

*Mann,* 505 Fed.Appx. at 856–57. Like the plaintiffs in *Mann* and *Leonard,* Plaintiff and the class members may simply refuse to purchase Defendant's products which contain ECJ in the future and thus would receive no value from the proposed injunction. Accordingly, the Court will not include the proposed injunctive relief in calculating the amount in controversy.

Finally, while Plaintiff is correct that the Court may consider attorney's fees and costs available under FDUTPA in calculating the amount in controversy, *see Federated Mutual Insurance Co. v. McKinnon Motors, LLC,* 329 F.3d 805, 808 n. 5 (11th Cir.2003), she has once again failed to place any dollar amount on this figure. *See* Response at 11. As Defendant points out, however, it is inconceivable that attorneys fees would raise the amount in controversy from $1,045,993 to $5 million or more. *See* Reply at 10. Because Plaintiff has failed to meet CAFA's $5 million amount in controversy minimum, the Court will grant the Motion and dismiss this action without prejudice for lack of subject matter jurisdiction.

## III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Amy Kitchen, Inc.'s Motion to Dismiss Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction [DE 70] is **GRANTED;**

2. This case is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction; and

3. The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT.**