**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-7174**

LEANTHONY WINSTON,

Plaintiff - Appellant,

v.

HAROLD W. CLARKE, Director of Virginia D.O.C.; RENALD MEYERS, Superintendent of Hampton Roads Regional Jail; CARL MANIS, Warden of Wallens Ridge,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, Senior District Judge. (2:17-cv-00566-RGD-DEM)

Submitted: March 26, 2020                                    Decided: April 3, 2020

Before FLOYD, RICHARDSON, and QUATTLEBAUM, Circuit Judges.

Dismissed by unpublished per curiam opinion.

LeAnthony Winston, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LeAnthony Winston appeals the district court's order dismissing several claims in his 42 U.S.C. § 1983 (2018) action and denying his motion for injunctive relief. For the reasons that follow, we dismiss the appeal.

This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2018), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2018); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). "Ordinarily, a district court order is not final until it has resolved *all* claims as to all parties." *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015) (internal quotation marks omitted).

Winston first appeals the district court's order denying his motion for a preliminary injunction. An order denying a preliminary injunction is an immediately appealable interlocutory order that is reviewable for abuse of discretion. *See* 28 U.S.C. § 1292(a)(1) (2018). However, upon review, we conclude that this portion of Winston's appeal is moot.

"The mootness doctrine is a limitation on federal judicial power grounded in the 'case-or-controversy' requirement of Article III of the U.S. Constitution." *United States v. Springer*, 715 F.3d 535, 540 (4th Cir. 2013); *see* U.S. Const. art. III, § 2, cl. 1. "Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings." *Springer*, 715 F.3d at 540. This court loses jurisdiction over any portion of an appeal that becomes moot. *Incumaa v. Ozmint*, 507 F.3d 281, 285-86 (4th Cir. 2007).

While this appeal was pending, Winston was released from custody. "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569

2

F.3d 182, 186 (4th Cir. 2009); *see Incumaa*, 507 F.3d at 286-87. Therefore, Winston's claim for injunctive relief seeking his release is now moot and we lack jurisdiction to adjudicate that claim.[*]

Turning to the remainder of Winston's claims, our review of the record reveals that the district court has not yet adjudicated Winston's religious discrimination claims. Indeed, the district court stayed consideration of these claims pending resolution of this appeal. Therefore, the portion of the district court's order that denied some, but not all, of Winston's § 1983 claims, denied his motion for a temporary restraining order, denied his motion to compel, and denied his motions for appointment of counsel is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the remainder of the appeal for lack of jurisdiction.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

---

[*] Winston's complaint requested both injunctive and monetary relief. The request for monetary relief is not moot because Winston retains a legally cognizable interest in the outcome of the case. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969); *Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248 (4th Cir. 2005).